# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

**PROCHNIAK WEISBERG, P.C.**
MATTHEW B. WEISBERG
ATTORNEY ID: 85570
REBECCA M. STEIGER
ATTORNEY ID: 200875
7 SOUTH MORTON AVE.
MORTON, PA 19070
610-690-0801

FILED
OCT 2 5 2007
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

---

Angel J. Laychock
1240 Englewood Street
Philadelphia, PA 19111

          Plaintiff,

v.

Wells Fargo Home Mortgage
3476 Stateview Blvd.
Fort Mills, SC 29715

and

Wachovia Bank, NA
3476 State New Blvd.
Fort Mill, SC 29715

          Defendants.

CIVIL ACTION NO.:

**07 4478**

:JURY OF TWELVE (12) JURORS DEMANDED

## I.   Preliminary Statement

1. This is an action for an award of attorney's fees and costs, actual, statutory, treble and punitive damages, also seeking equitable and other relief, brought under state and federal law, for Defendants' "Predatory Lending," unfair and deceptive acts and practices ("UDAP"), wrongful foreclosure, conspiracy and/or aiding and abetting same.

2. Defendants are liable to Plaintiff for, but not limited to, the below causes of action and aforesaid remedies, for the reasons stated, which reasons are currently known, upon information and/or belief, and/or will be proven in discovery and/or at trial.

## II.   Jurisdiction and Venue

3. Jurisdiction in this Honorable Court is based on federal question and/or diversity conferred by 28 U.S.C. §1331 and 1332; supplemental jurisdiction over state law claims is granted by 28 USC §1367.

4. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principle place of business, and/or does business here, and/or the property and/or mortgage which is the subject of this action is situated within this district.

### III. Parties

5. Plaintiff, Angel J. Laychock ("Laychock"), is an adult individual, at all times material residing at the above-captioned address (hereinafter "Premises").

6. Defendant, Wells Fargo Home Mortgage ("Wells Fargo"), is a corporation under and by virtue of the laws of the State of South Carolina, maintaining its principal place of business at the above captioned address, at all times material acting as Plaintiff's mortgage lender and/or servicer.

7. Defendant, Wachovia Bank, NA ("Wachovia"), is a corporation under and by virtue of the laws of the State of South Carolina, maintaining its principal place of business at the above captioned address, at all times material acting as Plaintiff's mortgage lender and/or servicer and Plaintiff's bank.

8. At all times material, Defendants were acting individually and/or through its agents, servants, work-persons, and/or employees, respectively, authorized and acting individually and/or within the scope of their authority and course of employment.

9. Defendants are liable to Plaintiff, directly, indirectly, contractually, expressly, implicitly, as a matter of law and/or vicariously.

## IV. Statement of Claims

10. At all times material, Plaintiff was a borrower and/or mortgagor allegedly subject and/or party to a mortgage and note ("loan documents"). (Loan documents in the possession of Defendants).

11. In or around June 2006, Plaintiff signed up for the Accelerated Homeowners Program ("AHP") through Defendant, Wells Fargo.

12. Per the AHP, Plaintiff made automatic bi-weekly payments through automatic payments from Plaintiff's bank, Defendant, Wachovia.

13. In or around September 2006, Defendant, Wells Fargo, began withdrawing bi-weekly payments from Plaintiff's bank account without Plaintiff's permission.

14. These payments were in addition to the automatic bi-weekly payments made by Plaintiff.

15. In or around December 2006, Plaintiff discovered Defendant's, Wells Fargo, unauthorized withdraws.

16. In or around December 2006, Plaintiff incurred insufficient funds and late fee charges as a result of Defendants' actions.

17. Defendant, Wells Fargo, advised Plaintiff that they would investigate the situation and put Plaintiff's account on hold pending the outcome.

18. Defendant, Wells Fargo, reversed three (3) out of seven (7) of the duplicative payments.

19. Defendant, Wells Fargo, sent Plaintiff monthly letters regarding their reversal of negative/derogatory credit reports to credit reporting agencies during Defendant's, Wells Fargo, investigation.

20. On or about July 16, 2007, Defendant, Wachovia, filed a foreclosure in Philadelphia Court of Common Pleas (July Term, 2007; No.: 2143), "underlying action".

21. At all times material, Defendants acted deceptively, carelessly, recklessly, intentionally and/or knowingly, with reckless disregard for the rights and otherwise vulnerable position of Plaintiff, to Plaintiff's detriment and injury and Defendants' enrichment.

22. The foregoing resulted in injuries including, but not limited to: (1) emotional distress; (2) damage to credit rating; (3) financial loss(es), including lost opportunity(ies); (4) annoyance, inconvenience, and embarrassment(s), (5) foreclosure; and (6) such other and futher injuries as will be determined in discovery and/or at trial, including aggravation of a pre-existing condition(s).

V.    **Causes of Action**

## COUNT I - WRONGFUL USE

23. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth in their entirety.

24. At all times relevant hereto, Defendants commenced, continued and/or prosecuted the Underlying Action without probable cause.

25. At all times relevant hereto, Defendants commenced, continued and/or prosecuted the Underlying Action primarily for a purpose other than that of securing proper discovery or adjudication of the claim in which the proceedings were based.

26. At all times relevant hereto, Defendants acted in a grossly negligent manner in commencing, continuing and/or prosecuting the Underlying Action.

27. At all times relevant hereto, Defendants acted maliciously and for the primary purpose of harassing Plaintiff by the commencement, continuation and prosecution of the Underlying Action.

28. At all times relevant hereto, Defendants intentionally and implicitly misrepresented the material facts of the Underlying Action.

29. Defendants are liable to Plaintiff for her losses, expenses and damages pursuant to 42 Pa.C.S.A. 8351 et seq., titled Wrongful Use of Civil Proceedings.

## COUNT II- ABUSE OF PROCESS

30. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as fully as if set forth in their entirety.

31. For the aforesaid, Defendants committed an abuse of process.

32. The filing of the Underlying Action was intentional, wanton, malicious and with reckless disregard of the rights of Plaintiff.

## COUNT III-BREACH OF CONTRACT

33. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as fully as if set forth in their entirety.

34. Defendants' misconduct constituted a breach of contract, express and/or implied at law.

## COUNT IV-NEGLIGENCE

35. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as fully as if set forth in their entirety.

36. The aforesaid conduct of Defendants were undertaken careless, negligent and recklessly.

37. At all times material, the negligence, carelessness and recklessness of Defendants directly caused the harm aforesaid mentioned.

## COUNT V-FRAUD/FRAUD ON THE COURT

38. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as fully as if set forth in their entirety.

39. Defendants knowingly and intentionally filed the Underlying Action without probable cause.

40. Defendants' actions were for the purpose of perpetuating and/or effectuating a fraud on the Court.

## COUNT VI – UTPCPL

41. Plaintiff incorporates by reference paragraphs 1 through 40 as if fully set forth at length herein.

42. At all times material, Plaintiff and Defendants are "persons" engaged in trade or commerce as that term is defined by the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1, et seq. (hereinafter "UTPCPL").

43. The conduct of Defendants constituted an "unfair or deceptive practice" within the meaning of the UTPCPL.

44. Defendants' conduct surrounding the mortgage, servicing and underlying complaint falls within the aforementioned definitions of "Unfair and Deceptive Acts or Practices."

45. The UTPCPL authorizes the Court, in its discretion, to award up to three (3) times ("treble") the actual damages sustained for violations, for which relief Plaintiff is entitled.

## COUNT VII – Truth-in-Lending Act ("TILA")

46. Paragraphs 1-45 above are incorporated by reference as if fully set forth at length herein.

47. In said loan transaction, Plaintiff did not receive the disclosures required by (TILA), 15 U.S.C. §1601, et. seq., and Regulation Z of the Federal Reserve Board ("Regulation Z"), 12 C.F.R §226.1, et seq., in violation thereof.

## COUNT VIII
## Home Ownership and Equity Protection Act ("HOEPA")

48. Paragraphs 1-47 above are incorporated by reference as if fully set forth at length herein.

49. The subject loan was a high rate mortgage within the meaning of 15 U.S.C. §1602(aa)(1)(B), in that the total points and fees Defendants charged Plaintiff, in addition to interest, exceeded eight percent of the total loan amount or in that the APR trigger pursuant to HOEPA was met with respect to this transaction.

50. Because the transaction met the statutory definition of a high rate mortgage, it was subject to the additional disclosure requirements imposed by the TILA amendments contained in HOEPA, 15 U.S.C. §1639(a), et seq.

51. Defendants' failure to provide Plaintiff with an accurate and timely HOEPA disclosure(s), as required by law, constitutes a "material" disclosure violation(s), TILA, 15 U.S.C. §1602(u) (as amended), Regulation Z §226.23 (as amended).

## COUNT IX
### Real Estate Settlement Procedures Act ("RESPA")

52. Paragraphs 1-51 above are incorporated by reference as if fully set forth at length herein.

53. Plaintiff's loan was a federally related consumer mortgage loan as defined by "RESPA", 12 U.S.C. §2602, et seq., which Defendants are in violation thereof at all times material, including but not limited to failure to properly respond to Plaintiff's "Qualified Written Request", which, if not previously and/or properly served, is made herein.

54. Additionally, the pre-paid finance charges paid by Plaintiff is believed neither bona fide nor reasonable, thus "fee splitting," a violations(s) herein.

## COUNT X
### Equal Credit Opportunity Act ("ECOA")

55. Paragraphs 1-54 above are incorporated by reference as if fully set forth at length herein.

56. At all times material, Defendants were in violation of ECOA, 15 U.S.C. §1694(e), et seq., including but not limited to Defendants' failure to properly notify Plaintiff of her counter-offer or reasons for denying their credit application(s) prior to the loan closing.

## COUNT XI
## Fair Credit Reporting Act ("FCRA")

57. Paragraphs 1-56 above are incorporated by reference as if fully set forth at length herein.

58. At all times material, Defendants were in violation of FCRA, 15 U.S.C. §1681, et seq., including but not limited to Defendants' unlawfully accessing Plaintiffs' credit information and/or furnishing inaccurate information to credit reporting agencies.

## COUNT XII
## Fair Credit Extension Uniformity Act ("FCEUA)

59. Paragraphs 1-58 above are incorporated by reference as if fully set forth at length herein.

60  At all times material, Defendants were in violation of the FCEUA, 73 Pa.C.S. §2270.1, et seq., for the reasons aforesaid (incorporated by reference).

## COUNT XIII
## Negligence

61  Paragraphs 1-60 above are incorporated by reference as if fully set forth at length herein.

62. At all times material, Defendants acted negligently, carelessly, and/or recklessly for the reasons aforesaid (incorporated by reference).

## COUNT XIV
## Violation of Civil Rights

63. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as fully as if set forth in their entirety.

64. To perpetuate their misconduct, Defendants made use of the Philadelphia County Prothonotary, Sheriff, and the Court of Common Pleas.

65. The Prothonotary, Sheriff and Court are state actors per 42 U.S.C. §1983, et seq.

66. Defendants' willful, reckless and malicious actions were made in an effort to deprive Plaintiff of her rights as set forth above and pursuant to U.S. Const. Amend. I, IV and XIV, and their state corollaries.

## COUNT XV
### Slander of Title

67. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as fully as if set forth in their entirety.

68. Defendants slandered Plaintiff's then title and rights to the premises.

69. Defendants' implied representation of ownership of the premises vis-a-via the Underlying Action was patently false and Defendants made such representation intentionally, maliciously, and with the utter disregard for the truthfulness thereof.

## COUNT XVI
### Punitive Damages

70. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as fully as if set forth in their entirety.

71. The actions and misconduct set forth of Defendants were extreme and outrageous and done intentionally and/or recklessly and/or maliciously by Defendants against Plaintiff.

72. Said actions and misconduct were done with bad motives and in wanton, willful and reckless disregard for the rights of Plaintiff.

73. Plaintiff herewith avers that punitive damages are warranted by the aforesaid conduct and actions as a result of the aforementioned conduct, which is herewith incorporated by reference.

**VI.   Prayer for Relief**

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, individually, jointly and/or severally, for a sum in excess of Seventy Five Thousand Dollars

($75,000.00), together with costs and attorneys fees, plus such other and further relief as this Honorable Court deems just, including treble and punitive damages.

             PROCHNIAK WEISBERG, P.C.


          BY: <u>/s/ Matthew B. Weisberg, Esquire</u>
             MATTHEW B. WEISBERG
             REBECCA M. STEIGER
             Attorneys for Plaintiff