IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL J. LAYCHOCK, | : | |
| Plaintiff, | : | No. 07-4478 |
| v. | : | |
| WELLS FARGO HOME MORTGAGE, et al. | : | |
| Defendants. | : | |

### O R D E R

AND NOW, this _____ day of _____, 2008, upon consideration of Wachovia Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED** and Plaintiff's Complaint is **DISMISSED** with prejudice.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANGEL J. LAYCHOCK,

        Plaintiff,

v.

WELLS FARGO HOME MORTGAGE, et al.

        Defendants.

No. 07-4478

### DEFENDANT WACHOVIA BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Wachovia Bank, N.A. respectfully moves this Court for entry of an Order dismissing Plaintiff's Complaint. The grounds for this Motion are stated more fully in the accompanying Memorandum, which is incorproated herein by reference.

Respectfully submitted,

/s/ Henry F. Reichner
Henry F. Reichner, Esquire
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

Counsel for Defendant
Wachovia Bank, N.A.

Dated:  March 24, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL J. LAYCHOCK, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO HOME MORTGAGE, et al. <br><br> Defendants. | No. 07-4478 |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT WACHOVIA BANK, N.A.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Henry F. Reichner, Esquire
**Reed Smith LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Counsel for Defendant
Wachovia Bank, N.A.

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................................ ii

I.    INTRODUCTION ..................................................................................................1

II.   FACTS ....................................................................................................................1

III.  ARGUMENT ..........................................................................................................3

     A.   COURT LACKS SUBJECT JURISDICTION UNDER THE
      *ROOKER-FELDMAN* DOCTRINE..............................................................3

     B.   THE CASE SHOULD BE DISMISSED UNDER PRINCIPLES OF
      *RES JUDICATA* ..........................................................................................5

     C.   THE COURT SHOULD OTHERWISE ABSTAIN FROM HEARING
      THIS SUIT...................................................................................................7

IV.   CONCLUSION.......................................................................................................8

# TABLE OF AUTHORITIES

**Cases**                                                                                                                    Page(s)

Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939 (3d Cir. 1985) ........................................ 3

Ayres-Fountain v. E. Sav. Bank, 153 Fed. Appx. 91, 2005 U.S. App. LEXIS 23447
  (3d Cir. Oct. 27, 2005) ............................................................................................................ 4, 6-7

Balent v. City of Wilkes-Barre, 542 Pa. 555, 669 A.2d 309 (Pa. Super. Ct. 1995) ........................ 5

Bearoff v. Bearoff, 327 A.2d 72 (Pa. 1974) ................................................................................... 6

Blake v. Papadakos, 953 F.2d 68 (3d Cir. 1992) ........................................................................... 4

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) ................................. 3-4

FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834 (3d Cir. 1996) .................... 4

Gwynedd Properties, 970 F.2d at 1200 .......................................................................................... 7

Hedges v. United States, 404 F.3d 744 (3d Cir. 2005) ................................................................... 3

Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406 (3d Cir. 1991) ............................................ 3

Knapper v. Bankers Trust Co. (In re Knapper), 407 F.3d 573 (3d Cir. 2005) ............................... 4

Lum v. Bank of America, 361 F.3d 217 (3d Cir. 2004) .................................................................. 3

Marrese v. Am. Acad. Of Orthopaedic Surgeons, 470 U.S. 373 (1985) ........................................ 5

McGill v. Southwark Realty Co., 828 A.2d 430 (Pa. Cmwlth. 2003) ............................................ 6

McNasby v. Crown Cork & Seal Co., Inc., 888 F.2d 270 (3d Cir. 1989) ....................................... 6

Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423,
  73 L. Ed. 2d 116, 102 S. Ct. 2515 (1982) ................................................................................... 7

O'Leary v. Liberty Mut. Ins. Co., 923 F.2d 1062 (3d Cir. 1991) ............................................... 5, 6

Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987) ............................................................................ 7

Prindable v. Ass'n of Apt. Owners of 2987 Kalakaua, 304 F. Supp.2d 1245 (D.Haw. 2003) ........ 7

Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) .................................................................... 3, 4

R/S Fin. Corp. v. Kovalchick, 552 Pa. 584 A.2d 1228 (1998) ....................................................... 5

Scott v. Mortgage Electronic Registration Systems, Inc., et al., 2004 U.S. Dist. LEXIS 17223,
  2004 WL 1925008 (E.D. Pa. Aug. 27, 2004) ............................................................................. 8

Smith v. Litton Loan Servicing, LP, et al., 2005 U.S. Dist. LEXIS 1815
    (E.D. Pa. Feb. 4, 2005), appeal dismissed, 2007 U.S. App. LEXIS 3674
    (3d Cir. Feb. 16, 2007) .......................................................................................... 6

Wade v. City of Pittsburgh, 765 F.2d 405 (3d Cir. 1985) ............................................... 6

Younger v. Harris, 401 U.S. 37 (1971) ............................................................................ 7

**Statutes**

28 U.S.C. § 1738 (2000) .................................................................................................. 5

**Other Authorities**

18 James Wm. Moore et al., Moore's Federal Practice ¶ 131.10 (3d ed. 2000) ............. 5

Erwin Chemerinsky, FEDERAL JURISDICTION at § 8.1 (Aspen Law and Business, 3d ed.
    1999) .................................................................................................................... 3

## I.  INTRODUCTION

At its core, this action is an attempt to collaterally attack a final judgment in mortgage foreclosure entered by the Philadelphia Court of Common Pleas. This action must therefore be dismissed pursuant to the *Rooker-Feldman* doctrine and principles of *res judicata*. In the alternative, the Court should abstain from hearing this case under the *Younger* abstention doctrine.

## II.  FACTS

As referenced in paragraph 20 of the Complaint, Defendant Wachovia Bank, N.A. ("Wachovia Bank"), commenced a foreclosure action in the Philadelphia Court of Common Pleas on July 16, 2007. See also State Court Docket, attached hereto as Exhibit A. A default judgment was entered on August 29, 2007. See State Court Docket. The judgment was marked to the use of Defendant Wells Fargo Home Mortgage on September 24, 2007. Id. Counsel for Plaintiff filed a petition to open the judgment ("Petition") on October 12, 2007. Id. See also Petition attached hereto as Exhibit B. The state court denied the Petition on November 28, 2007. See State Court Docket, Exhibit A.

In the meantime, the instant action was filed in this Court on October 27, 2007. The Complaint was not served on Wachovia Bank, N.A. until March of 2008 (and only after the Court entered an Order directing service after the passage of 120 days from filing). The Petition and Complaint both relate to the mortgage in question and are based on the same underlying facts and claims. The Petition asserts that there was no default on the grounds that Plaintiff's bank account was improperly "double-debited" and that the judgment included improper amounts. See Petition, ¶¶ 21-22, Exhibit B hereto. The Proposed Answer to the Foreclosure

Complaint (Exhibit B to the Petition) further asserted that the "mortgage is rescindable" because of unidentified "truth-in-lending violations." See Proposed Answer, ¶ 5.

Similarly, the Complaint in this action alleges that Plaintiff's bank account was double-debited. See Complaint, ¶¶ 12-15. Like the Petition, it asserts violations of the Truth-in-Lending Act (Count VII).[1] The Complaint also raises a host of other claims relating to the foreclosure, the mortgage transaction, and the servicing of the mortgage: Count I – Wrongful Use (based on the underlying foreclosure action), Count II – Abuse of Process (same), Count III – Breach of Contract (same), Count IV – Negligence (same), Count V – Fraud/Fraud on the Court (same), Count VI – UTPCPL (foreclosure action, mortgage transaction and servicing), Count VIII – Home Ownership and Equity Protection Act (mortgage transaction), Count IX – Real Estate Settlement Procedures Act (mortgage transaction), Count X – Equal Credit Opportunity Act (mortgage transaction), Count XI – Fair Credit Reporting Act (mortgage servicing and foreclosure), Count XII – Fair Credit Extension Uniformity Act (mortgage transaction), Count XIII – Negligence (duplication of Count IV), Count XIV – Violation of Civil Rights (foreclosure action), Count XV – Slander of Title (foreclosure action), and Count XVI – Punitive Damages (foreclosure action, mortgage transaction and servicing).

---

[1]   The mortgage in question was entered into on September 24, 2002. See Mortgage Foreclosure Complaint, ¶ 3 (Exhibit A to Petition) and Proposed Answer, ¶ 3 (Exhibit B to Petition). Thus, it would appear that any truth-in-lending claim is time-barred.

## III. ARGUMENT

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuading the Court that subject matter jurisdiction exists. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). The court "may not presume the truthfulness of plaintiff's allegations, but rather must evaluate for itself the merits of the jurisdictional claims." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (brackets omitted).

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). In deciding a Rule 12(b)(6) motion, a federal court may consider matters of public record and documents that form the basis of a claim in addition to the allegations and exhibits in the complaint. Lum v. Bank of America, 361 F.3d 217, 222, fn. 3 (3d Cir. 2004).

### A. Court Lacks Subject Jurisdiction Under The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine prevents Plaintiff from appealing the state court's foreclosure ruling in federal court. The *Rooker-Feldman* doctrine arose from two cases in which the Supreme Court concluded that federal courts do not have jurisdiction to review the judgments and decisions of state courts. Erwin Chemerinsky, FEDERAL JURISDICTION at § 8.1 (Aspen Law and Business, 3d ed. 1999). In Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), the Court concluded that the allegedly incorrect decision arrived at by a state court that had been affirmed on appeal to the state supreme court could not be addressed by a federal district court because "to do so would be an exercise of appellate jurisdiction." In District of Columbia Court of Appeals

v. Feldman, 460 U.S. 462, 482 (1983), the Court again confirmed that "a United States District Court has not authority to review final judgments of a state court in judicial proceedings."

Under the *Rooker-Feldman* doctrine, a federal court does not have the authority to review: (1) "final adjudications of a state's highest court or to evaluate constitutional claims that are (2) 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996) (citing Blake v. Papadakos, 953 F.2d 68, 71 (3d Cir. 1992)). The Court of Appeals for the Third Circuit interprets the *Rooker-Feldman* doctrine to apply to final decisions of lower state courts. FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d at 834, 840 (3d Cir. 1996).

Here, not only was a default judgment of foreclosure entered in state court, Plaintiff's petition to open that judgment was denied by the state court. This was a final determination by a state court and, therefore, this Court cannot sit in judgment of the final determination made by the Philadelphia County Court of Common Pleas. See Rooker, 263 U.S. 413; Feldman, 460 U.S. at 482. See also Knapper v. Bankers Trust Co. (In re Knapper), 407 F.3d 573 (3d Cir. 2005) (appeal of district court's order affirming the bankruptcy court's refusal to void two default foreclosure judgments and the resulting sheriff's sale of two parcels of real property; held attempt to void the default judgments foreclosed by *Rooker-Feldman* doctrine, remanding with instructions to dismiss the complaint for lack of subject matter jurisdiction); Ayres-Fountain v. E. Sav. Bank, 153 Fed. Appx. 91, 2005 U.S. App. LEXIS 23447 (3d Cir. Oct. 27, 2005) (*Rooker-Feldman* doctrine deprives a federal district court of jurisdiction to review, directly or indirectly, a state court foreclosure judgment).

If Plaintiff wanted to challenge the foreclosure, her only option was to appeal to the appropriate Pennsylvania state court. She did not. Regardless, this Court lacks subject matter jurisdicition over this suit.

### B. The Case Should Be Dismissed Under Principles Of *Res Judicata*

*Res judicata*, also known as claim preclusion, "is a doctrine by which a former adjudication bars a later action on all or part of the claim which was the subject of the first action.'" R/S Fin. Corp. v. Kovalchick, 552 Pa. 584, 716 A.2d 1228, 1230 (1998) (quoting Balent v. City of Wilkes-Barre, 542 Pa. 555, 669, A.2d 309, 313 (Pa. Super. Ct. 1995)). "*Res judicata* applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceedings if they were part of the same action.'" Id. (quoting Balent, 669 A.2d at 313); see also 18 James Wm. Moore et al., Moore's Federal Practice ¶ 131.10 (3d ed. 2000) ("A claim, for purposes of claim preclusion, includes not only those matters actually addressed by prior judgment, but those matters which could have been raised in that action . . . . Thus, matters that arise from the same facts, occurrence, or transactions that were the basis of a prior action may be within the scope of claim preclusion by that action."). "'The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which provides that state judicial proceedings` shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken.'" Marrese v. Am. Acad. Of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985) (quoting 28 U.S.C. § 1738 (2000)).

The Court must thus look to the law of the adjudicating state to determine whether this suit is barred by *res judicata*. See O'Leary v. Liberty Mut. Ins. Co., 923 F.2d 1062 (3d Cir. 1991). Under Pennsylvania law, *res judicata* bars a subsequent suit if the following factors are

present: (1) identity of issues; (2) identity of causes of action; (3) identity of persons and parties to the action; and (4) identity of the capacity of the parties suing or being sued. See O'Leary, 923 F.2d at 1065 (citing McNasby v. Crown Cork & Seal Co., Inc., 888 F.2d 270, 276 (3d Cir. 1989) (applying Pennsylvania law)). Applying Pennsylvania law to the instant case, the prior proceeding is the foreclosure action brought in the Court of Common Pleas after Plaintiff defaulted on her mortgage payments. The defense to the foreclosure action was that the mortgage company breached the contract because she was not in default on her mortgage and that there was no compliance with the Truth-in-Lending Act. It is clear that Plaintiff directly raised her defenses to the foreclosure action in the Petition. The state court ruled on the merits of the case. Thus, "a court of competent jurisdiction has determined a litigated case on its merits" and claim preclusion applies. See Wade v. City of Pittsburgh, 765 F.2d 405, 408 (3d Cir. 1985) (quoting Bearoff v. Bearoff, 327 A.2d 72, 74 (Pa. 1974)).

Accordingly, in Smith v. Litton Loan Servicing, LP, et al., 2005 U.S. Dist. LEXIS 1815 (E.D. Pa. Feb. 4, 2005), appeal dismissed, 2007 U.S. App. LEXIS 3674 (3d Cir. Feb. 16, 2007), the district court on a motion to dismiss took judicial notice of a default judgment in a state court foreclosure action and held that, in light of that judgment, *res judicata* barred all claims of the federal plaintiff relating to the mortgage. Id. *19. Indeed, under Pennsylvania law, McGill v. Southwark Realty Co., 828 A.2d 430, 435 (Pa. Cmwlth. 2003), a default judgment is *res judicata* with regard to transactions that occurred prior to the entry of judgment. Here, all of the claims asserted by Plaintiffs would have been defenses to foreclosure. Thus, the entry of a default foreclosure judgment constitutes a bar to any attempt to collaterally attack the foreclosure judgment in this Court. Ayres-Fountain v. E. Sav. Bank, 153 Fed. Appx. 91, 2005 U.S. App.

LEXIS 23447 (3d Cir. Oct. 27, 2005) (claims barred by *res judicata* of state court foreclosure judgment).

In short, *res judicata* bars this suit.

C. **The Court Should Otherwise Abstain From Hearing This Suit**

This Court should abstain from hearing this case under Younger v. Harris, 401 U.S. 37 (1971). The *Younger* abstention doctrine minimizes federal court interference with ongoing state court proceedings. Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431, 73 L. Ed. 2d 116, 102 S. Ct. 2515 (1982); Gwynedd Properties, Inc. v. Lower Gwynedd Township, 970 F.2d 1195, 1200 (3d Cir. 1992). Therefore, this Court must abstain where: "(1) there are ongoing state proceedings involving the would-be federal plaintiffs that are judicial in nature, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Middlesex County, 457 U.S. at 432; Gwynedd Properties, 970 F.2d at 1200.

Here, the foreclosure action is a prior pending state court proceedings that is directly related to the dispute that Plaintiffs seek to bring to federal court. Additionally, the Commonwealth has an important interest in resolving ejectment and foreclosure disputes. See Prindable v. Ass'n of Apt. Owners of 2987 Kalakaua, 304 F. Supp.2d 1245, 1262 (D.Haw. 2003) (finding that foreclosure and ejectment proceedings are important state interests under the *Younger* doctrine). Thirdly, Plaintiff had more than an adequate opportunity to raise her challenges to the foreclosure action.

Therefore, under these circumstances, *Younger* and its progeny obligate this Court to abstain from adjudicating Plaintiff's allegations. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987) (stating that *Younger* abstention is favored even after the plaintiffs failed to raise their

federal claims in the ongoing state proceedings). See also Scott v. Mortgage Electronic Registration Systems, Inc., et al., 2004 U.S. Dist. LEXIS 17223, 2004 WL 1925008 at *3-4 (E.D. Pa. Aug. 27, 2004).

## IV.   CONCLUSION

For the reasons set forth above, this Court should dismiss this case with prejudice.

Respectfully submitted,

/s/ Henry F. Reichner
Henry F. Reichner, Esquire
**Reed Smith LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301

Counsel for Defendant
Wachovia Bank, N.A.

Dated:  March 24, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March, 2008, a true and correct copy of the foregoing Defendant Wachovia Bank's Proposed Order, Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support were served via U.S. mail, first class, postage prepaid, upon the following:

> Matthew B. Weisberg, Esquire
> Prochniak Poet & Weisberg, PC
> 7 S. Morton Avenue
> Morton, PA  19070

/s/ Henry F. Reichner
Henry F. Reichner