**PROCHNIAK WEISBERG, P.C.**
BY:  Matthew B. Weisberg
Atty. ID No.:  85570
7 S. Morton Avenue
Morton, PA 19070
610-690-0801

| | |
|---|---|
| Wachovia Bank, N.A., as Trustee for : | COURT OF COMMON PLEAS |
| WFASC Mortgage : | PHILADELPHIA COUNTY |
| 3476 Stateview Blvd. : | |
| Fort Mill, SC 29715 : | |
|            Plaintiff : | July Term, 2007 |
|    vi. : | |
| : | No.:  2143 |
| Angel J. Laychock : | |
| 1240 Englewood Street : | |
| Philadelphia, PA 19111 : | |
|          Defendant : | |

## DEFENDANT'S PETITION TO OPEN AND/OR STRIKE
## PLAINTIFF'S DEFAULT JUDGMENT

1.      On July 16, 2007, Plaintiff commenced its action in mortgage foreclosure against Defendants.

(Exh. A).

3.      On August 29, 2007, Plaintiff entered its Default Judgment.

4.      Instantly, Defendants request this Honorable Court Strike Plaintiff's Default Judgment or, in the

alternative, open same.

     A.      Petition to Strike

5.      The Complaint avers the original mortgage to E-Loan, Inc. assigned to "Wells Fargo Home

Mortgage, Inc.," but no assignment from Wells Fargo to Plaintiff is averred of record.  (Exh. A, ¶3).

6.      Moreover, Plaintiff, "Wachovia Bank National Association, as trustee for WFASC Mortgage" is

a fictitious entity, without standing.  Pa.R.C.P. 2002(a); Toll v. Pioneer Sample Book Co., 373 Pa.127, 93

A.2d 764 (1953); Lore v. Sobolevitch, 675 A.2d 805 (Pa.Cmwlth. 1996).

7.      The Complaint contains a Verification of Counsel, not appropriate or effective.  (Exh. A).

Pa.R.C.P. 1024.

8.      Improper verification of the Complaint may not be "brushed aside" as a mere "legal technicality" and results in a waiver of rights by the pleader, specifically the right of Plaintiff herein taking default judgment. Rupel v. Bluestein, 421 A.2d 406, 280 Pa.Super. 65 (1980); Santilli v. Church 12 Chest. 63, 33 Pa.D&C 2d 309 (1964); Berger v. City of Williamsport 12 Pa.D&C 4th 397 (1990).

9.      In its Complaint, Plaintiff avers (Exh. A, ¶9) its compliance with Act 6/91, but then attaches solely Act 91 Notice and then contrarily avers the opposite. (Exh. A, ¶¶9-10).

10.      As further evidence of lack of standing and, in fact, lack of jurisdiction, the attached Act Notice indicates "Wells Fargo Bank, N.A." as the "current lender" (contrasting the Complaint as above indicated).

11.      The failure of proper "Act 6/91" Notice deprives this Honorable Court of subject matter jurisdiction and renders Plaintiff's action void *ab initio*, which notice and subsequent Complaint and Default Judgment are hereby alleged as legally defective. Pa.R.C.P. §3183; 41 P.S. §101, et seq.; 35 Pa.C.S.A. §1680.1, et seq; In Re Smith, 866 F.2d 576 (C.A.3. (Pa) 1989).

12.      Having averred the requirement for and/or having forwarded Notice, Plaintiff is estopped from being bound to the requirements of same. Greater Del. Valley Sav. & Loan Ass'n. v. Diehl, 26 D&C 3d 571 (1982).

13.      Plaintiff's counsel's signatures appear ineffective forgeries. Pa.R.C.P. 1025 & 1147.

14.      For any of the above reasons let alone all of the above reasons, Plaintiff's Judgment is defective *per se* and should be stricken.

        WHEREFORE, Movant requests this Honorable Court Strike Plaintiff's Default Judgment.

        B.      Petition to Open

15.      Plaintiff incorporates the above paragraphs as if fully set forth at length herein.

16.      On equitable grounds, Plaintiff's Default Judgment should be opened.

17.     In order to Open a Default Judgment a party must:  (1) promptly file a Petition to Open; (2) provide a meritorious defense; (3) offer a legitimate excuse for the delay in filing a timely answer. *See*, Reid v. Booher, 2004 Pa.Super 304, 856 A.2d 156 (2004).

18.     The above discussed defects render this Petition promptly filed and provides for a legitimate excuse for the delay in filing a timely answer as well as a meritorious defense (standing and jurisdiction).

19.     Any other delay would have been caused by Defendant's numerous attorney referrals ultimately to instant counsel who specializes in foreclosure defense and consumer protection (having represented both consumer's and lender's in numerous foreclosure related actions).

20.     Moreover, instant counsel required a fee prior to instant filing which due to the impoverished nature of Defendant delayed this filing.

21.     **Paramount, Plaintiff double-debited Plaintiff's auto-pay account causing Plaintiff's short-fall and then foreclosed while contemporaneously giving Plaintiff credit for same.**

22      As an additional meritorious defense, the Judgment assessed contains improper charges (attorney's fee above which was truly rendered; impermissible late charges, costs and fees; and an interest rate which is above that which is legally allowed).

23.     Attached hereto find Defendant's proposed Answer. (Exh. D).

        WHEREFORE, Defendant requests this Honorable Court Open Plaintiff's Default Judgment.

                                                    PROCHNIAK WEISBERG, P.C.

                                    BY: _____
                                                    Matthew B. Weisberg
                                                    Attorney for Defendants

DISCOVERY DEADLINE: APR 0 7 2008

PHELAN HALLINAN & SCHMIEG, LLP
LAWRENCE T. PHELAN, ESQ., Id. No. 32227
FRANCIS S. HALLINAN, ESQ., Id. No. 62695
DANIEL G. SCHMIEG, ESQ., Id. No. 62205
ONE PENN CENTER PLAZA, SUITE 1400
PHILADELPHIA, PA 19103
(215) 563-7000
               157894

ATTORNEY FOR PLAINTIFF

WACHOVIA BANK, NATIONAL
ASSOCIATION, AS TRUSTEE FOR WFASC
MORTGAGE ASSEST-BACKED PASS-
THROUGH CERTIFICATES, SERIES 2005-2
3476 STATEVIEW BOULEVARD
FORT MILL, SC 29715

COURT OF COMMON PLEAS

CIVIL DIVISION

TERM      **JULY 2007**

NO.
      002143
PHILADELPHIA COUNTY

      Plaintiff

   v.

ANGEL J. LAYCHOCK
1240 ENGLEWOOD STREET
PHILADELPHIA, PA 19111

      Defendant

### CIVIL ACTION - LAW (3.0 REAL PROPERTY)
### COMPLAINT IN MORTGAGE FORECLOSURE
3010 FORECLOSURE

ATTEST

JUL 1 6 2007

J. LOMAX
PRO PROTHY

We hereby certify the
within to be a true and
correct copy of the
original filed of record

File #: 157894



EXHIBIT

A

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service and Information Service
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
215-238-6333

**(SEE ATTACHED ESPANOL AVISO)**

IF THIS IS THE FIRST NOTICE THAT YOU HAVE
RECEIVED FROM THIS OFFICE, BE ADVISED THAT:

PURSUANT TO THE FAIR DEBT COLLECTION
PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* (1977),
DEFENDANT(S) MAY DISPUTE THE VALIDITY OF THE
DEBT OR ANY PORTION THEREOF.  IF DEFENDANT(S)
DO SO IN WRITING WITHIN THIRTY (30) DAYS OF
RECEIPT OF THIS PLEADING, COUNSEL FOR
PLAINTIFF WILL OBTAIN AND PROVIDE
DEFENDANT(S) WITH WRITTEN VERIFICATION
THEREOF; OTHERWISE, THE DEBT WILL BE ASSUMED
TO BE VALID.  LIKEWISE, IF REQUESTED WITHIN
THIRTY (30) DAYS OF RECEIPT OF THIS PLEADING,
COUNSEL FOR PLAINTIFF WILL SEND DEFENDANT(S)
THE NAME AND ADDRESS OF THE ORIGINAL
CREDITOR,  IF DIFFERENT FROM ABOVE.

THE LAW DOES NOT REQUIRE US TO WAIT UNTIL
THE END OF THE THIRTY (30) DAY PERIOD
FOLLOWING FIRST CONTACT WITH YOU BEFORE
SUING YOU TO COLLECT THIS DEBT.  EVEN THOUGH
THE LAW PROVIDES THAT YOUR ANSWER TO THIS

COMPLAINT IS TO BE FILED IN THIS ACTION WITHIN TWENTY (20) DAYS, YOU MAY OBTAIN AN EXTENSION OF THAT TIME.  FURTHERMORE, NO REQUEST WILL BE MADE TO THE COURT FOR A JUDGMENT UNTIL THE EXPIRATION OF THIRTY (30) DAYS AFTER YOU HAVE RECEIVED THIS COMPLAINT.  HOWEVER, IF YOU REQUEST PROOF OF THE DEBT OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WITHIN THE THIRTY (30) DAY PERIOD THAT BEGINS UPON YOUR RECEIPT OF THIS COMPLAINT, THE LAW REQUIRES US TO CEASE OUR EFFORTS (THROUGH LITIGATION OR OTHERWISE) TO COLLECT THE DEBT UNTIL WE MAIL THE REQUESTED INFORMATION TO YOU.  YOU SHOULD CONSULT AN ATTORNEY FOR ADVICE CONCERNING YOUR RIGHTS AND OBLIGATIONS IN THIS SUIT.

IF YOU HAVE FILED BANKRUPTCY AND RECEIVED A DISCHARGE, THIS IS NOT AN ATTEMPT TO COLLECT A DEBT.  IT IS AN ACTION TO ENFORCE A LIEN ON REAL ESTATE.

File #: 157894

1.  Plaintiff is

    WACHOVIA BANK, NATIONAL
    ASSOCIATION, AS TRUSTEE FOR WFASC
    MORTGAGE ASSEST-BACKED PASS-
    THROUGH CERTIFICATES, SERIES 2005-2
    3476 STATEVIEW BOULEVARD
    FORT MILL, SC 29715

2.  The name(s) and last known address(es) of the Defendant(s) are:

    ANGEL J. LAYCHOCK
    1240 ENGLEWOOD STREET
    PHILADELPHIA, PA 19111

    who is/are the mortgagor(s) and/or real owner(s) of the property hereinafter described.

3.  On 09/24/2002 mortgagor(s) made, executed, and delivered a mortgage upon the

    premises hereinafter described to E-LOAN, INC. which mortgage is recorded in the

    Office of the Recorder of PHILADELPHIA County, in Document ID: 50538395.  By

    Assignment of Mortgage recorded 10/30/2003 the mortgage was Assigned to WELLS

    FARGO HOME MORTGAGE, INC. which Assignment is recorded in DOCUMENT ID:

    50784658. PLAINTIFF is now the legal owner of the mortgage and is in the process of

    formalizing an assignment of same.  The mortgage and assignment(s), if any, are matters

    of public record and are incorporated herein by reference in accordance with Pa.R.C.P.

    1019(g); which Rule relieves the Plaintiff from its obligations to attach documents to

    pleadings if those documents are of public record.

4.  The premises subject to said mortgage is described as attached.

File #:  157894

5.  The mortgage is in default because monthly payments of principal and interest upon said mortgage due 04/01/2007 and each month thereafter are due and unpaid, and by the terms of said mortgage, upon failure of mortgagor to make such payments after a date specified by written notice sent to Mortgagor, the entire principal balance and all interest due thereon are collectible forthwith.

6.  The following amounts are due on the mortgage:

| | |
|---|---|
| Principal Balance | $115,604.68 |
| Interest | $2,677.20 |
| 03/01/2007 through 07/16/2007 | |
| (Per Diem $19.40) | |
| Attorney's Fees | $1,250.00 |
| Cumulative Late Charges | $37.67 |
| 09/24/2002 to 07/16/2007 | |
| Cost of Suit and Title Search | $550.00 |
| Subtotal | $120,119.55 |
| | |
| Escrow | |
| Credit | $0.00 |
| Deficit | $374.17 |
| Subtotal | $374.17 |
| | |
| **TOTAL** | $120,493.72 |

7.  If the mortgage is reinstated prior to a Sheriff's Sale, the attorney's fee set forth above may be less than the amount demanded based on work actually performed. The attorney's fees requested are in conformity with the mortgage and Pennsylvania law. Plaintiff reserves its right to collect attorney's fees up to 5% of the remaining principal balance in the event the property is sold to a third party purchaser at Sheriff's Sale, or if the complexity of the action requires additional fees in excess of the amount demanded in the Action.

8.  Plaintiff is <u>not</u> seeking a judgment of personal liability (or an <u>in personam</u> judgment) against the Defendant(s) in the Action; however, Plaintiff reserves its right to bring a separate Action to establish that right, if such right exists.  If Defendant(s) has/have received a discharge of personal liability in a bankruptcy proceeding, this Action of Mortgage Foreclosure is in no way an attempt to reestablish such personal liability discharged in bankruptcy, but only to foreclose the mortgage and sell the mortgaged premises pursuant to Pennsylvania Law.

9.  Notice of Intention to Foreclose as set forth in Act 6 of 1974, Notice of Homeowner's Emergency Assistance Program pursuant to Act 91 of 1983, as amended in 1998, and/or Notice of Default as required by the mortgage document, as applicable, have been sent to the Defendant(s) on the date(s) set forth thereon, and the temporary stay as provided by said notice has terminated because Defendant(s) has/have failed to meet with the Plaintiff or an authorized consumer credit counseling agency, or has/have been denied assistance by the Pennsylvania Housing Finance Agency.  A true and correct copy of said notice(s) is attached hereto as Exhibit "A."

10. This action does not come under Act 6 of 1974 because the original mortgage amount exceeds $50,000.

WHEREFORE, PLAINTIFF demands an in rem Judgment against the Defendant(s) in the sum of $120,493.72, together with interest from 07/16/2007 at the rate of $19.40 per diem to the date of Judgment, and other costs and charges collectible under the mortgage and for the foreclosure and sale of the mortgaged property.

PHELAN HALLINAN & SCHMIEG, LLP

By: _____/s/Francis S. Hallinan_____
LAWRENCE T. PHELAN, ESQUIRE
DANIEL G. SCHMIEG, ESQUIRE
FRANCIS S. HALLINAN, ESQUIRE
Attorneys for Plaintiff

File #: 157894

P.O. Box 1225
Charlotte, NC 28201-1225

June 4, 2007

018845/708Act91

ANGEL J LAYCHOCK
1240 ENGLEWOOD STREET
PHILADELPHIA PA  19111

RE: Wells Fargo Home Mortgage Loan Number 0182646851

Mortgagor(s):                 Angel J. Laychock
Mortgaged Premises:       1240 Englewood Stree
                                      Philadelphia, PA  19111

# ACT 91 NOTICE
# TAKE ACTION TO SAVE
# YOUR HOME FROM
# FORECLOSURE

This is an official notice that the mortgage on your home is in default, and the lender intends to foreclose. Specific information about the nature of the default is provided in the attached pages.

The HOMEOWNER'S MORTGAGE ASSISTANCE PROGRAM (HEMAP) may be able to help to save your home. This Notice explains how the program works.

To see if HEMAP can help, you must MEET WITH A CONSUMER CREDIT COUNSELING AGENCY WITHIN 30 DAYS OF THE DATE OF THIS NOTICE. Take this Notice with you when you meet with the Counseling Agency.

The name, address and phone number of Consumer Credit Counseling Agencies serving your County are listed at the end of this Notice. If you have any questions, you may call the Pennsylvania Housing Finance Agency toll free at 1-800-342-2397. (Persons with impaired hearing can call (717) 780-1869).

This Notice contains important legal information. If you have any questions, representatives at the Consumer Credit Counseling Agency may be able to help explain it. You may also want to contact an attorney in your area. The local bar association may be able to help you find a lawyer.

LA NOTIFICACION EN ADJUNTO ES DE SUMA IMPORTANCIA, PUES AFECTA SU DERECHO A CONTINUAR VIVIENDO EN SU CASA. SI NO COMPRENDE EL CONTENDO DE ESTA NOTIFICACION OBTENGA UNA TRADUCCION INMEDITAMENTE LLAMANDO ESTA AGENCIA (PENNSYLVANIA HOUSING FINANCE AGENCY) SIN CARGOS AL NUMERO MENCIONADO ARRIBA. PUEDES SER ELEGIBLE PARA UN PRESTAMO POR EL PROGRAMA LLAMADO "HOMEOWNER'S EMERGENCY MORTGAGE ASSISTANCE PROGRAM" EL CUAL PUEDE SALVAR SU CASA DE LA PERDIDA DEL DERECHO A REDIMIR SU HIPOTECA.


EXHIBIT A

HOMEOWNER'S NAME(S):  Angel J. Laychock

PROPERTY ADDRESS:  1240 Englewood Stree
Philadelphia, PA 19111

LOAN ACCT. NO.:  0182646851

ORIGINAL LENDER:

CURRENT LENDER/SERVICER:  WELLS FARGO BANK, N.A.

## HOMEOWNER'S EMERGENCY MORTGAGE ASSISTANCE PROGRAM

### YOU MAY BE ELIGIBLE FOR FINANCIAL ASSISTANCE WHICH CAN SAVE YOUR HOME FROM FORECLOSURE AND HELP YOU MAKE FUTURE MORTGAGE PAYMENTS

IF YOU COMPLY WITH THE PROVISIONS OF THE HOMEOWNER'S EMERGENCY MORTGAGE ASSISTANCE ACT OF 1983 (THE "ACT"), YOU MAY BE ELIGIBLE FOR EMERGENCY MORTGAGE ASSISTANCE:

- IF YOUR DEFAULT HAS BEEN CAUSED BY CIRCUMSTANCES BEYOND YOUR CONTROL.

- IF YOU HAVE A REASONABLE PROSPECT OF BEING ABLE TO PAY YOUR MORTGAGE PAYMENTS, AND

- IF YOU MEET OTHER ELIGIBILITY REQUIREMENTS ESTABLISHED BY THE PENNSYLVANIA HOUSING FINANCE AGENCY.

TEMPORARY STAY OF FORECLOSURE -- Under the Act, you are entitled to a temporary stay of foreclosure on your mortgage for thirty (30) days from the date of this Notice. During that time you must arrange and attend a "face-to-face" meeting with one of the consumer credit counseling agencies listed at the end of this Notice. THIS MEETING MUST OCCUR WITHIN THE NEXT (30) DAYS. IF YOU DO NOT APPLY FOR EMERGENCY MORTGAGE ASSISTANCE, YOU MUST BRING YOUR MORTGAGE UP TO DATE. THE PART OF THIS NOTICE CALLED "HOW TO CURE YOUR MORTGAGE DEFAULT", EXPLAINS HOW TO BRING YOUR MORTGAGE UP TO DATE.

CONSUMER CREDIT COUNSELING AGENCIES -- If you meet with one of the consumer credit counseling agencies listed at the end of this notice, the lender may NOT take action against you for thirty (30) days after the date of this meeting. The names, addresses and telephone numbers of designated consumer credit counseling agencies for the county in which the property is located are set forth at the end of this Notice. It is only necessary to schedule one face-to-face meeting. Advise your lender immediately of your intentions.

APPLICATION FOR MORTGAGE ASSISTANCE -- Your mortgage is in default for the reasons set forth later in this Notice (see following pages for specific information about the nature of your default.) If you have tried and are unable to resolve this problem with the lender, you have the right to apply for financial assistance from the Homeowner's Emergency Mortgage Assistance Program. To do so, you must fill out, sign and file a completed Homeowner's Emergency Assistance Program Application with one of the designated consumer credit counseling agencies listed at the end of this Notice. Only consumer credit counseling agencies have applications for the program and they will assist you in submitting a complete application to the Pennsylvania Housing Finance Agency. Your application MUST be filed or postmarked within thirty (30) days of your face-to-face meeting.

YOU MUST FILE YOUR APPLICATION PROMPTLY. IF YOU FAIL TO DO SO OR IF YOU DO NOT FOLLOW THE OTHER TIME PERIODS SET FORTH IN THIS LETTER, FORECLOSURE MAY PROCEED AGAINST YOUR HOME IMMEDIATELY AND YOUR APPLICATION FOR MORTGAGE ASSISTANCE WILL BE DENIED.



EXHIBIT A

)188*5/70B

AGENCY ACTION -- Available funds for emergency mortgage assistance are very limited.  They will be disbursed by the Agency under the eligibility criteria established by the Act.  The Pennsylvania Housing Finance Agency has sixty (60) days to make a decision after it receives your application.  During that time, no foreclosure proceedings will be pursued against you if you have met the time requirements set forth above.  You will be notified directly by the Pennsylvania Housing Finance Agency of its decision on your application.

---

NOTE: IF YOU ARE CURRENTLY PROTECTED BY THE FILING OF A PETITION IN BANKRUPTCY, THE FOLLOWING PART OF THIS NOTICE IS FOR INFORMATION PURPOSES ONLY AND SHOULD NOT BE CONSIDERED AS AN ATTEMPT TO COLLECT THE DEBT.

(If you have filed bankruptcy you can still apply for Emergency Mortgage Assistance.)

---

## HOW TO CURE YOUR MORTGAGE DEFAULT (Bring it up to date).

NATURE OF THE DEFAULT - - The MORTGAGE debt held by the above lender on your property located at:   1240 Englewood Stree
                        Philadelphia, PA 19111
IS SERIOUSLY IN DEFAULT because:

A. YOU HAVE NOT MADE MONTHLY MORTGAGE PAYMENTS for the following months and the following amounts are now past due:
   April 2006 - June 2006                              $3,077.73

| Other charges (explain/itemize): | | | |
|---|---|---|---|
| | Fees (if applicable) | Late Charges | $37.67 |
| | Escrow Amount | | $0.00 |
| TOTAL AMOUNT PAST DUE: | | | -$0.00 |
| | | | $3,115.40 |

B. YOU HAVE FAILED TO TAKE THE FOLLOWING ACTION

HOW TO CURE DEFAULT - - You may cure the default within THIRTY (30) DAYS of the date of this notice by PAYING THE TOTAL AMOUNT PAST DUE TO THE LENDER, WHICH IS $ 3,115.40 ANY MORTGAGE PAYMENTS AND LATE CHARGES WHICH BECOME DUE DURING THE THIRTY (30) DAY PERIOD.  Payments must be made either by cash, cashier's check, certified check or money order made payable and sent to:

        WELLS FARGO HOME MORTGAGE
        1 HOME CAMPUS
        X2501-01H
        DES MOINES, IOWA  50328

You can cure the default by taking the following action within THIRTY (30) DAYS of the date of this letter:

IF YOU DO NOT CURE THE DEFAULT - - If you do not cure the default within THIRTY (30) DAYS of the date of this notice the lender intends to exercise its rights to accelerate the mortgage debt.  This means that the entire outstanding balance of the debt will be considered due immediately and you may lose the chance to pay the mortgage in monthly installments.  If full payment of the total amount past due is not made within THIRTY (30) DAYS, the lender also intends to instruct its attorneys to start legal action to foreclose your mortgaged property.

IF THE MORTGAGE IS FORECLOSED UPON - - The mortgaged property will be sold by the Sheriff to pay off the mortgage debt.  If the lender refers your case to its attorneys, but you cure the delinquency before the lender files legal proceedings against you, you will still be required to pay the reasonable attorney's fees actually incurred, up to $50.00.  However, if legal proceedings are started against you, you will pay all reasonable attorney's fees actually incurred by the lender even if they exceed $50.00. The attorney's fees will be added to the amount you owe the lender, which may also include other costs and payments.  If you cure the default within the THIRTY (30) DAY period, you will not be required to pay the attorney's fees.

OTHER LENDER ACTIONS - - The lender may also sue you personally for the unpaid principal balance and all accrued interest under the mortgage.

EXHIBIT A

010845/708

RIGH...      ...E DEFAULT PRIOR TO SHERIFF'S SALE -- If you have not cured the default
with...      ...) DAY period and foreclosure proceedings have begun, you still have the right
to cu...     ...revent the sale at any time up to one hour before the Sheriff's Sale. You may
do so...     ...al amount then past due, plus any late or other charges then due, reasonable
attor...     ...s connected with the foreclosure sale and any other costs connected with the
Sherif...    ...ed in writing by the lender and by performing any other requirements under the
mortg...    ...ur default in the manner set forth in this notice will restore your mortgage to the
same...     ...ou had never defaulted.

EARL...      ...E SHERIFF'S SALE DATE – It is estimated that the earliest date that such a
Sheri...     ...mortgaged property could be held would be approximately six (6) months from
the d...     ...e. A notice of the actual date of the Sheriff's Sale will be sent to you before the
sale....      ...mount needed to cure the default will increase the longer you wait. You may find
out...       ...what the required payment or action will be by contacting the lender.

HO... T...     THE LENDER:

...nder:      Wells Fargo Home Mortgage
            3476 Stateview Boulevard
            Fort Mill, SC 29715
...umber:     1-800-766-0987
...er:        803-396-6063
...son:       Clarice Townsend

EFF...       ...'S SALE – You should realize that a Sheriff's Sale will end your ownership of
the...        ...and your right to occupy it. If you continue to live in the property after the
She...        ...to remove you and your furnishings and other belongings could be started by
the... er

ASS...       ...RTGAGE – You _____ may or _____ may not sell or transfer your home to
a bu...       ... will assume the mortgage debt, provided that all the outstanding payments,
cha...        ...es and costs are paid prior to or at the sale and that the other requirements
of th...       ...ied.

## YOU MAY ALSO HAVE THE RIGHT:

- ...PERTY TO OBTAIN MONEY TO PAY OFF THE MORTGAGE DEBT
  ...MONEY FROM ANOTHER LENDING INSTITUTION TO PAY OFF

- ...EFAULT CURED BY ANY THIRD PARTY ACTING ON YOUR BEHALF.

- ...ORTGAGE RESTORED TO THE SAME POSITION AS IF NO DEFAULT
  ..., IF YOU CURE THE DEFAULT. (HOWEVER, YOU DO NOT HAVE
  ...URE YOUR DEFAULT MORE THAN THREE TIMES IN ANY
  ...)

- ...NONEXISTENCE OF A DEFAULT IN ANY FORECLOSURE
  ...ANY OTHER LAWSUIT INSTITUTED UNDER THE MORTGAGE

- ...OTHER DEFENSE YOU BELIEVE YOU MAY HAVE TO SUCH
  ...LENDER.

- ...TION UNDER THE FEDERAL BANKRUPTCY LAW.

APPENDIX C

H(

NNSYLVANIA HOUSING FINANCE AGENCY
'S EMERGENCY MORTGAGE ASSISTANCE PROGRAM
NSUMER CREDIT COUNSELING AGENCIES

## PHILADELPHIA COUNTY

Acorn Housing
846 North Bro-
Philadelphia, P/
(215) 765-1221
FAX# (215) 765

CCCS of Delaware Valley
One Cherry Hill, Suite 215
Cherry Hill, NJ 08002
(215) 563-5665

CCCS of Delaw-
1515 Market St:
Philadelphia, PA
(215) 563-5665
FAX# (215) 864

Northwest Counseling Service
5001 N. Broad Street
Philadelphia, PA  19141
(215) 324-7500
FAX# (215) 324-8753

HACE
167 W. Alleghen'
Philadelphia, PA
(215) 426-8025
FAX# (215) 426-

Housing Association of Delaware Valley
1500 Walnut Street, Suite 601
Philadelphia, PA  19102
(215) 545-6010
FAX# (215) 790-9132

Media Fellowshi;
302 S. Jackson St
Media, PA 1906.
(610) 565-0846
FAX# (651) 565-

Housing Assoctiation of Delaware Valley
658 North Watts Street
Philadelphia, PA  19123
(215) 978-0224
FAX# (215) 765-7614

PCCA
100 North 17TH
Suite 60.
Philadelp: a, PA
(215) 567-7803
FAX# (215) 963-9

Community Devel. Corp of Frankford
Group Ministry
4620 Griscom Street
Philadelphia, PA  19124
(215) 744-2990
FAX# (215) 744-2012

American Credit Counseling Institute

845 Coates St.
Coatesville, PA  19.
(888) 212-6741

144 E. Dekalb Pike
King of Prussia, PA  19406
610-971-2210

755 Yo:   , Suite
Warmin.   'A  1'
FAX (215  2.6-634

## LEGAL DESCRIPTION

ALL THAT CER~                ~ERTY SITUATED IN THE CITY OF PHILADELPHIA, 53RD

WARD IN THE (                ~ PHILADELPHIA AND STATE OF PENNSYLVANIA AND

BEING DESCRIE               ~ED DATED 05/31/2001 AND RECORDED 06/06/2001 IN

BOOK J~~ 5026              AMONG THE LAND RECORDS OF THE COUNTY AND

STATE SETFORT              ~ND REFERENCED AS FOLLOWS: ALL THOSE TWO

CERTAIN CONTI              ~S OR PIECES OF GROUND DESCRIBED ACCORDING TO A

SURVEY AND PI:             ~~ MADE BY J.H. WEBSTER, JR., ESQUIRE SURVEYOR

AND REGOLATO               ~ TENTH DISTRICT, ON THE TWENTY-THIRD DAY OF

February A.D., 192~        ~OWS,, TO WIT:

SITUATE ( IN THE              ~y SIDE OF ENGLEWOOD Street (FIFTY FEET WIDE) AT

THE DIST..~CE O              ~GHT FEET Northwesterly SIDE OF FRONTENAC Street

(SIXTY FE~~ WID            ~ 53RD WARD OF THE CITY OF PHILADELPHIA.

CONTAIN~~ ~ TOC           ~N FRONT OR BREADTH ONT HE SAID ENGLEWOOD Street

FIFTY FEE~~ ~ACH          ~G TWENTY-FIVE FEET IN FRONT) AND EXTENDING OF

THAT WID~~ ~ IN L         ~DEPTH Southwestwardly BETWEEN PARALLEL LINES

AT RIGHT ~~GLE~          ~ID ENGLEWOOD Street, ONE HUNDRED TEN FEET.

BENG Lots ~ ~8 A~       ~N SAID Plan. BEING KNOWN AS NO. 1240 ENGLEWOOD

Street. Lot 8(~~ BLO      ~TION 19. BRT#532351200 PARCEL ID NUMBER:

532351200.

PREMISES E~NG: 1          ~OOD STREET

PARCEL NO~ ~2351~

## VERIFICATION

FRA[N]        [F]L[I]NAN, ESQUIRE hereby states that he is attorney for

Plain[.]ff in t[.]        [.] [.]laintiff is outside the jurisdiction of the court and/or the

veri[f].[.]ion c        [.] ob[.][.]ined within the time allowed for the filing of the pleading,

that [.][.]s aut[.]        [.]nake this veri[.]ication pursuant to Pa.R.C.P. 1024 (c), and that

the s[.][.]ment[.]        [.]he [.]regoing Civil Action in Mortgage Foreclosure are based

upon [.]orm[.]        [.][.] [.]Plaintiff and are true and correct to the best of its

knov[.][.]ge, [.]        [.][.]. [.]elief.  Furthermore, counsel intends to substitute a

veri[f][.]ion i        [.]ff u[.]on receipt.

The u        [.] un[.]er[.]tands that this statement is made subject to the penalties

of 1[.] [.]C.S        [.][.][.] [.]ng to unsworn falsifications to authorities.


_Francis S. Hallinan_

Francis S. Hallinan, Esquire
Attorney for Plaintiff


DA[T]  [.]/

**PROCHNIAK WEISBERG, P.C.**
BY: Matthew B. Weisberg
Atty. ID No.: 85570
7 S. Morton Avenue
Morton, PA 19070
610-690-0801

| | |
|---|---|
| Wachovia Bank, N.A., as Trustee for : <br> WFASC Mortgage <br> 3476 Stateview Blvd. <br> Fort Mill, SC 29715 <br> Plaintiff : <br> viii. : <br> Angel J. Laychock <br> 1240 Englewood Street <br> Philadelphia, PA 19111 <br> Defendant : | COURT OF COMMON PLEAS <br> PHILADELPHIA COUNTY <br><br> July Term, 2007 <br><br> No.: 2143 |

### DEFENDANT'S PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT

1.      Denied.  Said averment is expressly denied as Plaintiff is a fictitious entity without standing.

Moreover, said averment is a conclusion of law to which no response is required.

2.      Denied in part; Admitted in part.  It is admitted solely that Defendant so resides.  The balance is

denied as requiring a conclusion of law to which no response is required.  Moreover, the mortgage speaks

for itself in its entirety.

3.      Denied.  The Mortgage and assignment speaks for itself in its entirety.  Moreover, said averment

is a conclusion of law to which no response is required.

4.      Denied.  The legal description speaks for itself in its entirety.

5.      Denied.  The said averment is a conclusion of law to which no response is required.  By way of

further answer, said mortgage speaks for itself in its entirety.  By way of further answer, said mortgage is

rescindable pursuant to Plaintiff's truth-in-lending violations.

6.      Denied.  After reasonable investigation, answering Defendant is without knowledge or

information sufficient to form a belief as to the truth of the averment and therefore, said averment is



EXHIBIT
B

expressly denied and strict proof thereof is demanded at the time of trial.  By way of further answer, said charges are expressly denied as owing.

7-9.    Said averments are compound.  Moreover, said averments are conclusions of law to which no response is required.

10.    Denied.  Said averment is a conclusion of law and therefore no response is required.

WHEREFORE, Defendant requests this Honorable Court for judgment in their favor and against Plaintiff.

PROCHNIAK WEISBERG, P.C.

BY: _____
        Matthew B. Weisberg
        Attorney for Defendants

Case 2:07-cv-04478-JS   Document 13-2   Filed 03/24/08   Page 21 of 22

**PROCHNIAK WEISBERG, P.C.**
BY: Matthew B. Weisberg
Atty. ID No.: 85570
7 S. Morton Avenue
Morton, PA 19070
610-690-0801

| | |
|---|---|
| Wachovia Bank, N.A., as Trustee for<br>WFASC Mortgage<br>3476 Stateview Blvd.<br>Fort Mill, SC 29715 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
|             Plaintiff | July Term, 2007 |
|    ix. | No.: 2143 |
| Angel J. Laychock<br>1240 Englewood Street<br>Philadelphia, PA 19111 | |
|             Defendant | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, hereby certify that on this 24th day of September, 2007, a true and correct copy of Defendants' Petition to Open and/or Strike Default Judgment, was served via United States First Class Mail, postage prepaid, upon the following parties.

Francis S. Hallinan, Esq.
Phelen Hallinan & Schmieg, P.C.
1617 JFK Blvd, Ste. 1400
One Penn Ctr Plaza
Philadelphia, PA 19103

PROCHNIAK WEISBERG, P.C.

BY: _Matthew Weisberg_
Matthew B. Weisberg
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March, 2008, a true and correct copy of the foregoing Defendant Wells Fargo Home Mortgage's Proposed Order, Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support were served via U.S. mail, first class, postage prepaid, upon the following:

> Matthew B. Weisberg, Esquire
> Prochniak Poet & Weisberg, PC
> 7 S. Morton Avenue
> Morton, PA  19070

*/s/ Henry F. Reichner*
Henry F. Reichner