UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**PROCHNIAK WEISBERG, P.C.**
MATTHEW B. WEISBERG
ATTORNEY ID: 85570
REBECCA M. STEIGER
ATTORNEY ID: 200875
7 SOUTH MORTON AVE.
MORTON, PA 19070
610-690-0801

| | |
|---|---|
| Angel J. Laychock<br>1240 Englewood Street<br>Philadelphia, PA 19111<br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>Wells Fargo Home Mortgage<br>3476 Stateview Blvd.<br>Fort Mills, SC 29715<br><br>　　and<br><br>Wachovia Bank, NA<br>3476 State New Blvd.<br>Fort Mill, SC 29715<br>　　　　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO.: 07-04478<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY OF TWELVE (12) JURORS DEMANDED<br>:<br>:<br>:<br>:<br>: |

## ORDER

AND NOW this _____ day of _____, 2008, upon consideration of Defendant's, Wachovia, Motion to Dismiss, and Plaintiff's Response thereto, it is hereby ORDERED and DECREED that said Motion is DENIED.

**AND IT IS SO ORDERED.**

_____
Juan R. Sanchez, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**PROCHNIAK WEISBERG, P.C.**
MATTHEW B. WEISBERG
ATTORNEY ID: 85570
REBECCA M. STEIGER
ATTORNEY ID: 200875
7 SOUTH MORTON AVE.
MORTON, PA 19070
610-690-0801

| | |
|---|---|
| Angel J. Laychock<br>1240 Englewood Street<br>Philadelphia, PA 19111<br>　　　　　　Plaintiff,<br>　　v.<br><br>Wells Fargo Home Mortgage<br>3476 Stateview Blvd.<br>Fort Mills, SC 29715<br><br>　and<br><br>Wachovia Bank, NA<br>3476 State New Blvd.<br>Fort Mill, SC 29715<br>　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:　CIVIL ACTION NO.: 07-04478<br>:<br>:<br>:<br>:<br>:<br>:<br>:JURY OF TWELVE (12) JURORS DEMANDED<br>:<br>:<br>:<br>: |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S, WACHOVIA BANK N.A., MOTION TO DISMISS

　　Incorporating by reference her attached memorandum of law, Plaintiff requests this Honorable Court deny Defendant's Motion to Dismiss.

　　WHEREFORE, Plaintiff requests this Honorable Court deny Defendant's Motion to Dismiss.

　　　　　　　　　　　　　　　　　　　　　　PROCHNIAK WEISBERG, P.C.


　　　　　　　　　　　　　　　　　　　　　　/s/ Rebecca M. Steiger
　　　　　　　　　　　　　　　　　　　　　　MATTHEW B. WEISBERG
　　　　　　　　　　　　　　　　　　　　　　REBECCA M. STEIGER
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**PROCHNIAK WEISBERG, P.C.**
MATTHEW B. WEISBERG
ATTORNEY ID: 85570
REBECCA M. STEIGER
ATTORNEY ID: 200875
7 SOUTH MORTON AVE.
MORTON, PA 19070
610-690-0801

| | |
|---|---|
| Angel J. Laychock<br>1240 Englewood Street<br>Philadelphia, PA 19111<br>     Plaintiff,<br>v.<br><br>Wells Fargo Home Mortgage<br>3476 Stateview Blvd.<br>Fort Mills, SC 29715<br><br>and<br><br>Wachovia Bank, NA<br>3476 State New Blvd.<br>Fort Mill, SC 29715<br>     Defendants. | CIVIL ACTION NO.: 07-04478<br><br><br>JURY OF TWELVE (12) JURORS DEMANDED |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S, WACHOVIA BANK N.A., MOTION TO DISMISS

I. **Operative Facts**

Plaintiff seeks restitution and other damages arising out of Defendants' improper servicing and other actions that directly led to a wrongful foreclosure being filed and prosecuted against her. At all times material, Plaintiff was making timely payments on her mortgage of September 27, 2002. Plaintiff signed up for the Accelerated Homeowners Program ("AHP") in June 2006.

As a requirement of AHP, Plaintiff signed up for automatic bi-weekly payments through Plaintiff's bank, Defendant, Wachovia. In or around September 2006, Defendant, Wells Fargo,

began making additional bi-weekly withdraws from Plaintiff's bank account without Plaintiff's permission. These payments were in addition to the automatic bi-weekly payments made by Plaintiff.

In or around December 2006, Plaintiff discovered Defendant's, Wells Fargo, unauthorized withdraws when her account became overdrawn. Plaintiff incurred insufficient funds and late fee charges as a result of Defendants' actions. Defendant, Wells Fargo, advised Plaintiff that they would investigate the situation and put Plaintiff's account on hold pending the outcome.

Defendant, Wells Fargo, reversed three (3) out of the seven (7) duplicative payments and informed Plaintiff that the remaining charges were still under investigation. While this "investigation" was occurring, Defendant, Wachovia, filed its foreclosure suit.

## II.   Argument

   a. Rooker-Feldman

The United States Supreme Court only in (see below) Rooker and separately Feldman broadly held that Federal Courts lack jurisdiction to adjudicate State Court litigated judgments. Essentially, Federal Courts do not have the capacity to act as appellate reviewers of State Court decisions.

The Rooker-Feldman doctrine is here misplaced in light of Defendant's confusion between this action upon Plaintiff's Note and thereafter servicing being distinct from the underlying foreclosure arising from the Mortgage. Even when adopting Defendant's confusion, the underlying mortgage foreclosure judgment was entered by default - expressly not adjudication on its merits, thus specifically being inapplicable to Rooker-Feldman's prohibition. Even if Defendant's invocation of Rooker-Feldman were preliminary apposite, the unique nature

of Pennsylvania's prohibition against bringing this action in counterclaim or defense to a Foreclosure (as is not the case in other states) renders Rooker-Feldman ultimately otherwise not controlling.

*1.   Since Rooker-Feldman*

After Exxon Mobil, infra., the viability of Rooker-Feldman has come into question. Lance v. Dennis, 546 U.S. 459, 126 S.Ct. 1198, 1203-1204 (2006); Mangan v. Brierre, 2007 WL 475820 4 (E.D.Pa. 2007). Other then in Rooker and Feldman, the Supreme Court stated in Exxon that it has otherwise never upheld a Rooker-Feldman jurisdictional bar. Id.

In Exxon, the Supreme Court limited the Rooker-Feldman doctrine to "cases brought by state-court losers complaining of injuries caused by state-court [litigated] judgments rendered before the district court proceedings commenced which invited district court review and rejection of those judgments." 544 U.S. 280, 284, 125 S.Ct. 1517 (2005) (emphasis added). The Court made clear that lower courts had over-applied the doctrine beyond its intended and appropriate boundaries. Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 543-44 (3d Cir. 2006).

The alleged federal injury must be caused by the state court judgment itself. Exxon, at 284. Rooker-Feldman is not implicated simply because a party brings to federal court a matter touched upon in state court. Parkview Assocs. P'ship v. City of Lebanon, 225 F.3d 321, 329 (3d Cir. 2000) (asserting that Rooker-Feldman is not a jurisdictional version of preclusion).

Since Rooker and Feldman, the United States Supreme Court has directed the lower courts to stop over-applying this doctrine to avoid jurisdiction on matters merely touched upon by or evolving from *litigated* State Court judgments. Moreover, the foreclosure judgment at

issue was taken by default, and as such, does not contemplate even the broadest Rooker-Feldman inquiry.

    2.    *Pennsylvania Law*

Paradoxically, instant Plaintiff was barred from bringing the current causes of action as counterclaims or defenses to the foreclosure action. Pa.R.C.P. 1148; Mellon Bank v. Joseph, 406 A.2d 1055, 267 Pa.Super. 307 (1979); Cunningham v. McWilliams, 714 A.2d 1054 (Pa.Super. 1998).

In Pennsylvania, the purpose of a mortgage foreclosure action is solely to effect a judicial sale of the mortgaged property. New York Guardian Mortgage Corp. v. Dietzel, 362 Pa.Super. 426, 431, 524 A.2d 951 (1987). It is not a judgment for damages. Id. The Pennsylvania Supreme Court held that it is impermissible to assert a set-off for monetary damages in a mortgage foreclosure action. Green Tree Consumer Discount Co. v. Newton, 909 A.2d 811, 815-16 (Pa. 2006).

Plaintiff's complaint contains statutorily unrelated affirmative causes of action arising out of the loan transaction, loan origination, assignments thereof, and servicing. These causes of action contain statutes of limitation, burdens of proof, rights to relief, damages, statutory penalties, fee shifting, and factual underpinnings as a matter of law unrelated to the foreclosure action. Newtown Village Partnership v. Kimmel, 424 Pa.Super. 53, 621 A.2d 1036 (1993).

Pennsylvania Rules of Civil Procedure Rule 1141(a) provides that an action at law to foreclose a mortgage upon interest in land shall not include an action to enforce a personal liability. An action in mortgage foreclosure is strictly *in rem* and thus may not include *in personam* relief. Insilco Corp. v. Rayburn, 374 Pa.Super. 362, 368, 543 A.2d 120 (1988). Moreover, Plaintiff could not have asserted these claims against parties with no interest in the

subject property. <u>Signal Consumer Discount Co.</u>, 257 Pa.Super. 101, 108, 390 A.2d 266 (1978), Plaintiff could not have joined the other parties necessary to the instant action. <u>Newtown</u>, supra.

a. TILA & RESPA: applying Pennsylvania law to federal causes of action

The Pennsylvania Supreme Court held that it is impermissible to assert a set-off for monetary damages in a mortgage foreclosure action. <u>Green Tree Consumer Discount Co. v. Newton</u>, 909 A.2d 811, 815-16 (Pa. 2006). Due to this, plaintiff was barred from asserting her RESPA claim as a counterclaim in the foreclosure action. A claim based on RESPA damages is not inextricably intertwined with that judgment. <u>In re Cooley</u>, 2007 WL 781952, 7 (Bkrtcy.E.D.Pa. 2007).

In a pre-<u>Rooker-Feldman</u> analysis, the Eastern District Bankruptcy Court[1] held even TILA **rescission** rights <u>not extinguished</u> by claim preclusion applying a not coincidentally similar analysis as the United States Supreme Court in <u>Exxon</u> recently held by applying <u>Rooker-Feldman</u> only to state court "losers" (which is to say what has always been held-that a default judgment is not one on the merits). It is oxymoronic that the state court here precludes TILA from being raised as a counterclaim while Movant seems to require the opposite.

Taking Movant's position to its only conclusion, for TILA rescission to be preserved it must then be raised as an affirmative defense claiming right to rescission in the state court foreclosure (also precluded-see <u>Newtown</u>, supra) while also contemporaneously pleaded as a federal action for damages, to which movant here would certainly reiterate its defense of preclusion, *lis pendens* or the like-while the race to judgment for both adversarial plaintiff in two (2) separate courts would ensue.

Here, Plaintiff's claim for rescission is independent from the state foreclosure action and default judgment and, therefore, not barred by the <u>Rooker-Feldman</u> doctrine. <u>In re Cooley</u>,

---

[1] This Court acts as a court of Bankruptcy Court appeal.

*supra*. In <u>Apaydin v. Citibank Federal Savings Bank (In re Apaydin)</u>, 201 B.R. 716 (Bankr.E.D.Pa.1996), Judge Stephen Raslavich noted that the right of rescission under TILA is independent of the mortgage upon which a foreclosure judgment is based. He did so in the context of rejecting a defendant's argument that, once a foreclosure judgment is entered, the mortgage merges into the judgment and the right of rescission disappears. <u>Id.</u> A post-<u>Exxon</u> Illinois bankruptcy court has reached a similar conclusion. <u>In re Hodges</u>, 350 B.R. 796 (Bankr.N.D.Ill. 2006).

If this analysis does not persuade this Court, respondents request leave to pursue discovery on the issue of whether the state court had jurisdiction to enter the subject foreclosure default judgment by reason of State court Plaintiff-Movant's believed violations of Act 6/91 Notice rendering defective service of initial process and thereafter its judgment. <u>In re Soto</u>, 221 B.R. 343 (Bkrtcy.E.D.Pa. 1998).

Even should this Court find that <u>Rooker-Feldman</u> bars plaintiff's rescission claim, plaintiffs other TILA relief, such as recoupment and damages, are not barred. <u>In re Randall</u>, supra.

  b. Claims for Money Damages

Plaintiff's remaining claims are for monetary damages, strictly prohibited in an *in rem* proceeding.

  *3. Analysis taken in the light most favorable to Defendant (the contra standard), <u>Rooker-Feldman</u> does not preclude this Court's jurisdiction under even the most heightened review*

This is an action on the <u>Note</u> accompanying a <u>Mortgage</u>. A Note is an *in personam* obligation. A Note is unsecured and never recorded. A Note may be discharged by bankruptcy. The Note contains the loan's terms and rate and is required to be accompanied by Truth in

Lending Disclosures. A Note sets the monthly payment, any variables, the length of the loan obligation and the total amount required to be repaid lender.

A Mortgage is an *in rem* obligation. A Mortgage may not be discharged in bankruptcy. A Mortgage contains only the face amount of the loan. A Mortgage is secured by collateral. A Mortgage need not accompany any federal disclosures. A Mortgage sets forth the method for default; that is, an action in Mortgage foreclosure.

This action arises out of the Note's origination (rate, term, conditions, and the failure of notices there accompanying, among others). A Note has never been the subject of any action.

The only action that could possibly invoke the Rooker-Feldman doctrine is the underlying Mortgage Foreclosure. However, the Mortgage Foreclosure is based on the Mortgage and not the Note. A Mortgage Foreclosure in Pennsylvania is an action *in rem* and cannot be founded upon or even contain a request for *in personam* relief.

In Pennsylvania, a Mortgage and Note are legally distinct. *See,* In re Washington, 2007 WL 846658 (E.D.Pa. 2007). Likewise, the Rooker-Feldman doctrine is not in anyway antecedent to the underlying Mortgage Foreclosure with regards to this action vis-a-vis origination and servicing of the Note.

Even if this were an action on the Mortgage, the Rooker-Feldman doctrine does not apply as Pennsylvania Law expresses that a default judgment is not on the merits. In re Graves, 33 F. 3d 242 (C.A. 3 (PA0 1994). Even if this were an action upon the Mortgage (denied) and the Foreclosure judgment were on the merits (denied), the Rooker-Feldman doctrine would not apply as this action cannot otherwise have been brought as a counterclaim or even defense to that foreclosure.

Pragmatically, it would be most time and cost efficient should this action have been brought as a counterclaim or even as an affirmative (new matter) defense. The task of filing an affirmative action in this Honorable Court is not only more costly and time intensive, but also does not legally act to prevent the underlying state court prosecution of the Foreclosure (i.e., this action still risks the divestiture of Plaintiff's home via Sheriff's foreclosure Sale.) In all ways, these claims would be best brought within the foreclosure proceeding.

However practical, Pennsylvania prohibits these claims being raised in the State court Foreclosure.

As an example of the inapplicability of the Rooker-Feldman doctrine, this Honorable Court should see its own jurisdiction in the paradox that would result without: Plaintiff claims federal strict liability, state common law causes of action, and unfair trade practices which would then be prohibited from being brought in any jurisdiction; accepting Defendant's argument, this Honorable Court would be without jurisdiction and the State Court would statutorily prohibit these claims.

If not this jurisdiction, then none. This is precisely the result the United States Supreme Court prohibited in Exxon by abrogating the only two (2) cases ever having been deemed applicable to the Rooker-Feldman doctrine: Rooker and Feldman.

4. Rooker-Feldman: Conclusion

For any of the foregoing reasons (a Note being legally distinct from a Mortgage, the Foreclosure default judgment not being an adjudication on the merits, Pennsylvania statutorily prohibiting these claims as a defense or counterclaim to the foreclosure, or the United States Supreme Court's own prohibitions against its over-application), the Rooker-Feldman doctrine

does not apply to this action arising from the Note regarding discoverable issues for Defendants' origination and servicing abuses.

      b. *Res Judicata*, Claim Preclusion

As plaintiffs were previously barred from asserting their current claims, they are not now barred by *res judicata*. In re Randall, *supra*. (citing Dithridge House Ass'n v. Com., Dept. of Environmental Resources, 116 Pa.Cmwlth. 24, 33, 541 A.2d 827 (1988)). In Pennsylvania, the invocation of *res judicata* "applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." R/S Financial Corp. v. Kovalchick, 552 Pa. 584, 588, 716 A.2d 1228 (1998); see, e.g., Balent v. City of Wilkes-Barre, 542 Pa. 555, 564, 669 A.2d 309 (1995). Conversely, claim preclusion is not applied to claims that could not have been previously litigated. In re Randall, *supra*; Dithridge, *supra*.

As discussed more fully above, Pennsylvania law provides procedural limitations regarding foreclosure actions. Plaintiff could not have litigated her claims for damages and recoupment under federal or state consumer protection statutes. Plaintiff's claims are not precluded, as they could not have been litigated in the prior state court lawsuit. See In re Faust, 353 B.R. 94, 102-04; In re Soto, 221 B.R. at 356; In re Jones, 122 B.R. 246, 251 n. 4 (W.D.Pa.1990) ("Jones' TILA claim is not barred by res judicata because state law prohibits assertion of such a claim as a defense to a foreclosure action."); In re Randall, 358 B.R. at 166; In re Reagoso, 2007 WL 1655376, (Bankr.E.D.Pa. Jun 06, 2007). Further, Plaintiff's claims are based on the Note and not the Mortgage (see above).

While Plaintiff attempted to raise issues in a Petition to Open, those matters were not actually litigated. Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411 (C.A.3 2003);

Parkview Assocs. Pshp. v. City of Leb., 225 F.3d 321, 325 (3d Cir.2000). Plaintiff's Petition to Open was denied, without opinion, so it would be speculation as to the grounds, substantive or procedural, that the Court denied the Petition on. Additionally, Plaintiff's attachment of a proposed answer was not filed, merely proposed.

    c. Abstention Doctrine

The Younger abstention doctrine, originally a criminal theory, was later extended to cover civil proceedings. Middlesex County Ethics Committee v. Garden, Etc., 457 U.S. 423, 102 S.Ct. 2515, (1982). Younger abstention is only appropriate where the following three requirements are satisfied: 1. there are ongoing state proceedings that are judicial in nature; 2. the state proceedings implicate important state interests; and 3. the state proceedings afford an adequate opportunity to raise the federal claims. Addiction Specialists, Inc. v. Township of Hampton, 411 F.3d 399, 408 (3d Cir.2005).

All three factors must be met for a federal court to properly rely upon Younger in abstaining from exercising jurisdiction. Id. Abstention "rarely should be invoked" and is appropriate only in a few carefully circumscribed situations. Id.; Ankenbrandt v. Richards, 504 U.S. 689, 705, (1992).

Younger abstention is only appropriate where the precise claims raised in federal court are available in the ongoing state proceedings. In re Funches, 381 B.R. 471 (Bkrtcy.E.D.Pa. 2008). Where the availability of a claim in state court is questionable, our abstention jurisprudence weights in favor of retaining jurisdiction. Id.

Defendant's claim for Younger preclusion fails because they fail to meet all three of the tests requirements. The proceedings are no longer ongoing. A default verdict has been entered,

and Plaintiff's Motion to Open denied. The docket indicates a final disposition in the matter. (Exh. A).

An important state interest is not implicated in this matter. Courts have held that state foreclosure actions are "purely private" and do not implicate important state interests such as to warrant abstention under the Younger abstention doctrine. Trimmel v. General Elec. Credit Corp., 555 F.Supp. 264 (D.Conn.1983); Rowland v. Novus Financial Corp., 949 F.Supp. 1447, 1456 (D.Hawai'i 1996). A state foreclosure proceeding involves a suit between two purely private parties; the state is not a party to the action. Further, damage claims do not affect the foreclosure action whatsoever.

Lastly, the state action did not provide Plaintiff with an opportunity to raise the issues currently being litigated. The mere existence of a pending state proceeding between the parties that parallels the facts of the federal action is not in itself sufficient. Gwynedd Properties, Inc. v. Lower Gwynedd Township, 970 F.2d 1195, 1201 (3d Cir.1992).

### III. Conclusion

WHEREFORE, Plaintiff requests this Honorable Court deny Defendant's Motion to Dismiss.

PROCHNIAK WEISBERG, P.C.

/s/ Rebecca M. Steiger
MATTHEW B. WEISBERG
REBECCA M. STEIGER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**PROCHNIAK WEISBERG, P.C.**
MATTHEW B. WEISBERG
ATTORNEY ID: 85570
REBECCA M. STEIGER
ATTORNEY ID: 200875
7 SOUTH MORTON AVE.
MORTON, PA 19070
610-690-0801

| | |
|---|---|
| Angel J. Laychock<br>1240 Englewood Street<br>Philadelphia, PA 19111<br>     Plaintiff,<br>v.<br><br>Wells Fargo Home Mortgage<br>3476 Stateview Blvd.<br>Fort Mills, SC 29715<br><br>  and<br><br>Wachovia Bank, NA<br>3476 State New Blvd.<br>Fort Mill, SC 29715<br>     Defendants. | CIVIL ACTION NO.: 07-04478<br><br><br>JURY OF TWELVE (12) JURORS DEMANDED |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, hereby certify that on this 7th day of April, 2008, a true and correct copy of the above captioned Plaintiff's Response to Defendant's, Wachovia, Motion to Dismiss, was served via ECF, upon the following parties.

Reed Smith, L.L.P.
Henry F. Reichner, Esq.
2500 One Liberty Place
Philadelphia, PA 19103

              PROCHNIAK WEISBERG, P.C.

              /s/ Rebecca M. Steiger
              MATTHEW B. WEISBERG
              REBECCA M. STEIGER
              Attorney for Plaintiff