IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL J. LAYCHOCK, | : |
| Plaintiff, | : No. 07-4478 |
| v. | : |
| WELLS FARGO HOME MORTGAGE, et al., | : |
| Defendants. | : |

## REPLY BRIEF IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Henry F. Reichner, Esquire
**Reed Smith LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
Telephone No.: 215.51.8266
Facsimile No.: 215.851.1420
hreichner@reedsmith.com

Counsel for Defendants

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES .................................................................................. ii

I.   INTRODUCTION ....................................................................................... 1

II.  ARGUMENT ............................................................................................... 1

    A.  THE *ROOKER-FELDMAN* DOCTRINE APPLIES TO THIS CASE ........ 2

        1.  THE *ROOKER-FELDMAN* DOCTRINE IS ALIVE AND WELL .. 2

        2.  *ROOKER-FELDMAN* APPLIES TO DEFAULT JUDGMENTS ... 3

        3.  THE ISSUE IS WHETHER THE PLAINTIFF IS ASKING THIS COURT TO REVIEW AND REJECT THE STATE COURT JUDGMENT .............................................................................. 4

        4.  IN FACT, PLAINTIFF IS ASKING THIS COURT TO REVIEW AND REJECT THE STATE COURT JUDGMENT ...... 5

    B.  THE CASE SHOULD BE DISMISSED UNDER PRINCIPLES OF *RES JUDICATA* ................................................................................ 7

III. CONCLUSION ............................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

Andrew v. Ivanhoe Financial, 2007 WL 2844937 (E.D. Pa. Sept. 28, 2007) .......................... 2, 4

Exxon Mobil Corp v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005) ................................. 2, 3, 4

Faust v. Deutsche Bank Nat'l Trust Co. (In re Faust), 353 B.R. 94 (Bankr. E.D. Pa. 2006) ......... 3

In Del Turco v. Peoples Home Savings Association, 329 Pa. Super. 258, 478 A.2d 456 (1984) .. 7

In re Community Bank of Northern Virginia, 418 F.3d 277 (3d Cir. 2005) ................................ 1

In re Cooley, 365 B.R. 464 (Bankr. E.D. Pa. 2007) ................................................................. 2

In re Stuart, 367 B.R. 541 (Bankr. E.D. Pa. 2007) .................................................................. 2

Kirkbride v. Lisbon Contractors, Inc., 521 Pa. 97, 555 A.2d 800 (1989) ................................... 6

Knapper v. Bankers Trust Co. (In re Knapper), 407 F.3d 573 (3d Cir. 2005) ...................... passim

Lance v. Dennis, 546 U.S. 459 (2006) .................................................................................... 3

Madera v. Ameriquest Mortgage Co., 2008 WL 834382 (E.D. Pa. Mar. 26, 2008) ................. 2, 3

McArdle v. Tronetti, 426 Pa. Super. 607, 627 A.2d 1219 (1993) .............................................. 8

Moncrief v. Chase Manhattan Mortgage Corp., 2007 WL 3170694 (M.D. Pa. Sept. 28, 2007) .... 2

Randall v. Bank One N. A. (In re Randall), 358 B.R. 145 (Bankr. E.D. Pa. 2006) ..................... 3

Shanks v. Alderson, 399 Pa. Super. 485, 582 A.2d 883 (1990),
    allocatur denied, 528 Pa. 638, 598 A.2d 994 (1991) ......................................................... 6

White v. Long Beach Mortgage, 2007 WL 4079443 (E.D. Pa. Nov. 7, 2007) ......................... 2, 3

**Statutes**

12 U.S.C. § 2614 ..................................................................................................................... 1

15 U.S.C. § 1635(f) ................................................................................................................. 1

15 U.S.C. § 1640(e) ................................................................................................................. 1

15 U.S.C. § 1691e(f) ................................................................................................................ 1

## I. INTRODUCTION

At the end of the day, the only claim asserted by Plaintiff that could have survived application of the *Rooker-Feldman* doctrine is her claim for damages under TILA. Unfortunately for Plaintiff, that claim is time-barred as it should have been filed by September 24, 2003, one year after she entered into the mortgage transaction underlying the foreclosure judgment and this suit. As set forth herein, the balance of Plaintiff's claims on their face represent a direct attack on the foreclosure judgment and are thus barred by the *Rooker-Feldman* doctrine and by principles of *res judicata*.

## II. ARGUMENT

As a preliminary matter, Defendants observe that Plaintiff's mortgage was originated on September 24, 2002, over five (5) years before this action was filed. See Petition to Open Judgment, Exhibit B to Defendants' opening papers, specifically the Mortgage Foreclosure Complaint, ¶ 3 (Exhibit A to the Petition) and the Proposed Answer, ¶ 3 (Exhibit B to the Petition).[1] Thus, Plaintiff's claims arising out of the origination of her mortgage are clearly time-barred.[2] Thus, there is no need for the Court to engage in a *Rooker-Feldman* or *res judicata* analysis with respect to those claims.

---

[1] The Mortgage is recorded in the Office of the Recorder of Deeds of Philadelphia County at Document ID # 5053895.

[2] TILA (Count VII) has a one-year statute of limitations for statutory damages (15 U.S.C. § 1640(e)) and a three-year statute for rescission. 15 U.S.C. § 1635(f). HOEPA (Count VIII) has a one-year statute of limitations. In re Community Bank of Northern Virginia, 418 F.3d 277, 304 (3d Cir. 2005). RESPA (Count IX) has a one-year statute of limitations. 12 U.S.C. § 2614. ECOA (Count X) has a two-year statute of limitations. 15 U.S.C. § 1691e(f).

## A. The *Rooker-Feldman* Doctrine Applies To This Case

In any event, Plaintiff argues that the *Rooker-Feldman* doctrine does not apply because (1) the Supreme Court has eviscerated the doctrine, (2) the doctrine cannot be applied to a default judgment, (3) she was barred from raising the claims asserted her as defenses or counterclaims to the foreclosure, and (4) a promissory note and a mortgage are two different animals. See Plaintiff's brief at ECF page 10.

### 1. The *Rooker-Feldman* Doctrine Is Alive And Well

To paraphrase Mark Twain, Plaintiff's rumors of the death of the *Rooker-Feldman* doctrine have been greatly exaggerated. To Defendants' knowledge, every case in the Pennsylvania federal courts since Exxon Mobil Corp v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005), has acknowledged the applicability of the doctrine where the underlying state court judgment arose out of a mortgage foreclosure. See, e.g., Knapper v. Bankers Trust Co. (In re Knapper), 407 F.3d 573 (3d Cir. 2005); Madera v. Ameriquest Mortgage Co., 2008 WL 834382, *9 (E.D. Pa. Mar. 26, 2008) (Gardner, J.) (doctrine applied to TILA rescission claim following default foreclosure judgment; affirming bankruptcy court Judge Sigmund); White v. Long Beach Mortgage, 2007 WL 4079443, *3 (E.D. Pa. Nov. 7, 2007) (Tucker, J.) (doctrine applied to TILA rescission claim following default judgment in mortgage foreclosure); Andrew v. Ivanhoe Financial, 2007 WL 2844937, *4 (E.D. Pa. Sept. 28, 2007) (Baylson, J.) (doctrine barred RESPA claim after default judgment in mortgage foreclosure); Moncrief v. Chase Manhattan Mortgage Corp., 2007 WL 3170694, *3 (M.D. Pa. Sept. 28, 2007) (Munley, J.) (doctrine barred claims of predatory lending and mortgage servicing fraud); In re Cooley, 365 B.R. 464, 473 (Bankr. E.D. Pa. 2007) (Fitzsimon, J.) (TILA); In re Stuart, 367 B.R. 541, 550 (Bankr. E.D. Pa. 2007) (Frank, J.); (TILA); Randall v. Bank One N.A. (In re Randall), 358 B.R. 145, 152-163 (Bankr. E.D. Pa.

2006) (Fox, J.) (TILA); Faust v. Deutsche Bank Nat'l Trust Co. (In re Faust), 353 B.R. 94, 100 (Bankr. E.D. Pa. 2006) (Raslavich, J.) (UTPCPL).

Plaintiff's characterization of Exxon and Lance v. Dennis, 546 U.S. 459 (2006), is plain wrong. The key fact in Exxon was that the state court judgment was entered *while* the federal court case was already pending. The Supreme Court merely held that the *Rooker-Feldman* doctrine applied only where – as is the case here – the state court judgment was entered *prior to* the filing of the federal court action:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments **rendered before the district court proceedings commenced** and inviting district court review and rejection of those judgments.

544 U.S. at 284 (emphasis added). Since the foreclosure judgment here was entered on August 29, 2007 (see State Court Docket, Exhibit A to Defendants' opening briefs) and this case was not filed until October 27, 2007 (some 59 days later), the holding in Exxon on its face permits the application of the *Rooker-Feldman* doctrine to this case. The same goes for Lance v. Dennis. There, the Court merely reiterated that the federal court plaintiff had to be the "state-court loser." 546 U.S. at 460, 465. There is no dispute that Plaintiff was the "state-court loser" here.

### 2. *Rooker-Feldman* Applies To Default Judgments

This Court can readily reject Plaintiff's assertion – without any citation to authority – that the *Rooker-Feldman* doctrine does not apply when the state court judgment was a default judgment: the Third Circuit itself has recognized that a default judgment in a mortgage foreclosure action supports application of the doctrine. See Knapper v. Bankers Trust Co. (In re Knapper), 407 F.3d 573 (3d Cir. 2005) (applying *Rooker-Feldman* in the context of default mortgage foreclosure judgments). See also Madera v. Ameriquest Mortgage Co., 2008 WL 834382 (E.D. Pa. Mar. 26, 2008) (same); White v. Long Beach Mortgage, 2007 WL 4079443

(E.D. Pa. Nov. 7, 2007) (same); Andrew v. Ivanhoe Financial, 2007 WL 2844937 (E.D. Pa. Sept. 28, 2007) (same).

### 3. The Issue Is Whether The Plaintiff Is Asking This Court To Review And Reject The State Court Judgment

Plaintiff's discussion of notes, mortgages, and claims that cannot be raised in Pennsylvania mortgage foreclosures misses the point by a wide margin (with one exception which, as explained below, does not apply in this case due the running of the statute of limitations on any TILA statutory damages claim).

Following Exxon, the Third Circuit reiterated that *Rooker-Feldman* bars a claim made in federal court where the claim was actually litigated in state court or where the federal claim is inextricably intertwined with the state adjudication:

> a claim is barred by *Rooker-Feldman* under two circumstances; first, if the federal claim was actually litigated in state court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong. In either case, Rooker-Feldman bars a litigant's federal claims and divests the District Court of subject matter jurisdiction over those claims.

Knapper v. Bankers Trust Co. (In re Knapper), 407 F.3d 573, 580 (3d Cir. 2005) (footnote citing Exxon omitted).

"A federal claim is inextricably intertwined with an issue adjudicated by a state court when: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must make an action that would negate the state court's judgment. In other words, *Rooker-Feldman* does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders." Knapper v. Bankers Trust Co. (In re Knapper), 407 F.3d 573, 581 (3d Cir. 2005) (quoted case omitted).

### 4. In Fact, Plaintiff Is Asking This Court To Review And Reject The State Court Judgment

In this case, there can be no serious dispute that Plaintiff's non-time barred claims represent a direct attack on the validity of the mortgage foreclosure judgment:

- Count I purports to assert a claim for "wrongful use" based on the allegation that "Defendants commenced, continued and/or prosecuted the Underlying Action without probable cause" and "misrepresented the material facts of the Underlying Action" (Complaint, ¶¶ 24, 28);

- Count II purports to assert a claim for "abuse of process" based on the allegation that, in the filing the foreclosure action, Defendants "committed an abuse of process" and did so "with reckless disregard of the rights of Plaintiff" (Complaint, ¶¶ 31, 32);

- Count III purports to assert a claim for breach of contract on the ground that the aforesaid "misconduct constituted a breach of contract, express and/or implied at law" (Complaint, ¶ 34);

- Counts IV and XIII purport to assert duplicative claims for negligence on the ground that "[t]he aforesaid conduct of Defendants were (sic) undertaken careless (sic), negligent (sic) and recklessly" (Complaint, ¶ 36);

- Count V purports to assert a claim for "fraud on the court" on the ground that "defendants knowingly and intentionally filed the Underlying Action that the aforesaid "misconduct constituted a breach of contract, express and/or implied at law" (Complaint, ¶ 34);

- Count VI purports to assert a claim under the UTPCPL based in part on the "underlying complaint" (Complaint, ¶ 44);

- Count XI purports to assert a claim under the Fair Credit Reporting Act on the ground that Plaintiff was not in default (Complaint, ¶ 58);

- Count XII purports to assert a claim under the Fair Credit Extension Uniformity Act on the ground that Plaintiff was not in default (Complaint, ¶ 60);

- Count XIV purports to assert a claim for "violation of civil rights" arising out of the foreclosure action (Complaint, ¶¶ 64-65);

- Count XV purports to assert a claim for "slander of title" "vis-à-vis the Underlying Action" Complaint, ¶ 69); and

- Count XVI purports to assert a claim for "punitive damages" based on Defendants' "aforementioned conduct"(Complaint, ¶¶ 71-73).[3]

Finally, Plaintiff seeks leave to pursue discovery into the issue of "whether the state court had jurisdiction." See Plaintiff's brief at *ECF* page 8. The Third Circuit has directly rejected such arguments under the *Rooker-Feldman* doctrine. See Knapper v. Bankers Trust Co. (In re Knapper), 407 F.3d 573, 581 (3d Cir. 2005) ("Knapper's due process attack on the state court judgments asserts that the state lacked personal jurisdiction over her because of defective service of process. Knapper can only prevail if a federal court concludes that the state courts' default

---

[3] Of course, under well-established Pennsylvania law, the right to punitive damages is merely an incident to a cause of action and not a cause of action in and of itself. See Shanks v. Alderson, 399 Pa. Super. 485, 489, 582 A.2d 883, 885 (1990), allocatur denied, 528 Pa. 638, 598 A.2d 994 (1991); Kirkbride v. Lisbon Contractors, Inc., 521 Pa. 97, 101, 555 A.2d 800, 802 (1989).

judgments were improperly obtained . . . . Accordingly, Knapper's federal claim is inextricably intertwined with the state adjudications and thus barred by *Rooker-Feldman*").

In short, it is abundantly clear that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.

### B. The Case Should Be Dismissed Under Principles Of *Res Judicata*

Finally, to the extent any of the Plaintiff's claims might survive the *Rooker-Feldman* doctrine (and none do), they are barred by *res judicata*.

In Del Turco v. Peoples Home Savings Association, 329 Pa. Super. 258, 478 A.2d 456 (1984), the Pennsylvania Superior Court dealt with the application of *res judicata* in an analogous factual setting -- a default judgment in a mortgage foreclosure action involving commercial real estate. The borrower/plaintiff filed a law suit against the foreclosing creditor raising a variety of claims relating to the creditor's pre-foreclosure treatment of the mortgage. Several of the plaintiff's claims – like those asserted here – asserted that the creditor had failed to properly credit the plaintiff's loan account due to, among other things, the misapplication of undistributed loan funds and rental proceeds. The plaintiff also complained that the creditor received excessive attorney's fees. The court found that the objectives the plaintiff sought to obtain in his suit would have the effect of undermining the creditor's previous foreclosure judgment and therefore ruled that the plaintiff's claims were barred by *res judicata*. 478 A.2d at 463.

Plaintiff acknowledges that this action is based on the loan origination and servicing. See Plaintiff's Memorandum at *ECF* page 6 (acknowledging that Complaint asserts claims "arising out of the loan transaction, loan origination, assignments thereof, and servicing"); Plaintiff's Memorandum at *ECF* page 9 (asserting that this action "arises out of the Note's origination (rate,

term, conditions, and failure of notices there accompanying, among others)"). Indeed, the Petition to Open filed in the foreclosure case asserted that there was no default on the grounds that Plaintiff's bank account was improperly "double-debited" and that the judgment included improper amounts. See Petition, ¶¶ 21-22, Exhibit B to Defendants' opening briefs. Likewise, the only facts alleged in the Complaint are that Plaintiff's bank account was double-debited. See Complaint, ¶¶ 12-15.

Plaintiff nonetheless argues against *res judicata* on the ground that, in the foreclosure action, she was "barred from asserting their (sic) current claims." See Plaintiff's Memorandum at *ECF* page 11. However, Pennsylvania courts have held that the mere advancement of a different legal theory does not necessarily give rise to a different cause of action. See McArdle v. Tronetti, 426 Pa. Super. 607, 627 A.2d 1219, 1222 (1993). As the court in McArdle explained:

> As to the identity of cause[s] of action, rather than resting upon the specific legal theory invoked, *res judicata* generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims.... [I]n determining whether a single cause of action is present one may consider the identity of the acts complained of, the demand for recovery, the identity of witnesses, documents, and facts alleged. A lack of identity of these facets would, of course, support the conclusion that there is no identity of cause of action.

Id. at 612, 627 A.2d at 1222 (quoted case omitted).

In this case, the underlying events giving rise to the various legal claims are identical because in both actions. As a result, the actions share the same acts complained of, identity of witnesses, documents and facts alleged. In short, as the above quoted language from McArdle suggests Plaintiff has not asserted a separate cause of action and, accordingly, has not insulated her claim in this Court from the application of the doctrine of *res judicata*.

## III. CONCLUSION

For the reasons set forth above, this Court should dismiss this case with prejudice.

Respectfully submitted,

/s/ Henry F. Reichner
Henry F. Reichner, Esquire
**Reed Smith LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
Telephone No.: 215.51.8266
Facsimile No.: 215.851.1420
hreichner@reedsmith.com

Counsel for Defendants

Dated: April 16, 2008