## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**PROCHNIAK WEISBERG, P.C.**
MATTHEW B. WEISBERG
ATTORNEY ID: 85570
REBECCA M. STEIGER
ATTORNEY ID: 200875
7 SOUTH MORTON AVE.
MORTON, PA 19070
610-690-0801

| | |
|---|---|
| Angel J. Laychock | : |
| 1240 Englewood Street | : |
| Philadelphia, PA 19111 | : |
|                 Plaintiff, | : |
|     v. | :    CIVIL ACTION NO.: 07-04478 |
| | : |
| Wells Fargo Home Mortgage, et al | : |
| 3476 Stateview Blvd. | : |
| Fort Mills, SC 29715 | : JURY OF TWELVE (12) JURORS DEMANDED |
|                 Defendants. | : |

## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Per this Honorable Court's June 17, 2008 verbal Order upon our hearing, Plaintiff points the Court to the below authority regarding statute of limitations and Rooker-Feldman:

### I.     Statute of Limitations

Defendants "raise" their a statute of limitations argument in a footnote in the Facts section of Defendants' memorandum, and solely in regard to Plaintiff's Truth-in-Lending claim[1]. Courts will not rule on issues brought up with such passing reference[2].

Regardless of the passing nature of Defendants' argument, the Court should deem Defendants' argument waived as Defendants cite no support, either statutory or case law to

---

[1] *See* Defendants' Memorandum.
[2] Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir.) *cert. denied,* 513 U.S. 946, 115 S.Ct. 356 (1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue ... will not suffice to bring that issue before this court.' " (citation omitted) (ellipsis in original)); John Wyeth & Brother Ltd. v. Cigna International Corp., 119 F.3d 1070, 1076 n. 6 (3d Cir.1997) (arguments raised in passing such as in a footnote but not squarely argued are considered waived).

substantiate their conclusory assertion that Plaintiff violated the Statute of Limitations.  As such, Defendants waived that argument as all motions must be accompanied by a memorandum of law with citations to authority[3].  Failure of a Motion to cite requisite authority renders those arguments waived[4].

Should the Court nevertheless consider Defendants' claim of a violation of statute of limitations, Plaintiff responds:

a.   Causes of Action re Statute of Limitations: Tolled

Exercising diversity or supplemental jurisdiction, a federal court applies the substantive law of the forum state, including its statutes of limitations[5].  State tolling principles are used when a federal court applies to state claims a statute of limitations period[6].

"Whether the equitable tolling doctrine applies cannot be decided on the pleadings."  The "affirmative defense of a statute of limitations is most probably determined in a Motion for Summary Judgment because it requires consideration of evidence outside the pleadings.[7]"

Equitable tolling functions to stop the statute of limitations from running where the claim's actual accrual date has already passed[8].

"Equitable tolling may be appropriate if (1) the Defendant has actively misled the Plaintiff respecting the facts which comprised the Plaintiff's cause of action; (2) when the Plaintiff in some extraordinary way has been prevented from asserting [his] rights; or (3) when

---

[3] L.R.Civ.P. 7.1(c); F.R.C.P. 7(b)(1).
[4] Goodman v. 1973 26 Foot Trojan-Vessel, 859 F.2d 71, 74 (C.A.8 (Ak) 1988)
[5] Calle v. York Hosp., 232 F.Supp.2d 353 (M.D.Pa. 2002); Wise v. Mortgage Lenders Netweork USA, Inc., 420 F.Supp.2d 389, 395 (E.D.Pa. 2006).
[6] Calle, supra.
[7] Demetrius v. Marsh, 560 F.Supp. 1157, 1158 (E.D.Pa. 1983); Ballard v. National City Mortgage Co. d/b/a Accubanc Mortgage, et al., 2005 WL 147075, at *1 (E.D.Pa. 2005)); Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997)).
[8] See, Roberson v. Cityscape Corp., et al., 262 B.R. 312, 321 (Bankr.E.D.Pa. 2001) (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994)).

the Plaintiff has timely asserted [his] rights in the wrong forum.[9]" "Equitable tolling is appropriate where there has been fraudulent concealment in order to avoid an unjust result.[10]"

"In order to invoke the doctrine of fraudulent concealment as ground for equitable tolling, a Plaintiff must demonstrate: (i) that the party raising the statute of limitations formed the basis of the Plaintiff's claim; (ii) that the Plaintiff failed to discover the facts which are the basis of [his] claim; and (iii) the exercise of due diligence on [his] part[11]."

Whether a Plaintiff acted with "due diligence" requires a factual inquiry into issues such as when Plaintiff "discovered" or "should by reasonable diligence had discovered [his] injury[12]." This inquiry is not subject to a motion to dismiss which is only limited to the factual pleadings[13].

Similar to Plaintiff's Federal causes of actions, state court recognizes an exception to the statute of limitations which "delays the running of the statute until the Plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury and its cause.[14]"

Directly on point, <u>Wise</u> holds that "the first prong of equitable tolling is met because Plaintiffs allege facts that suggest an active attempt by [Defendants] to intentionally defraud them by exploiting their financial need and concealing material terms of the loan.[15]"

When "the underlying events being sued upon sound inherently in fraud or deceit...that, without more, will toll the statute of limitations until such time as the fraud had been revealed, or

[9] <u>Smith v. Equicredit Corp.</u>, 2002 WL 32349873, at *4 (E.D.Pa.); *see* <u>Kocian v. Getty Refining & Marketing Co.</u>, 707 F.2d 748, 753 (3d Cir. 1983) (citing <u>School District v. Marshal</u>, 657 F.2d 16 (3d Cir. 1981)).
[10] <u>Solar v. Millennium Financial, Inc.</u>, 2002 WL 1019047, at *2 (E.D.Pa. 2002); <u>Smith</u>, at *3-4.
[11] <u>Roberson</u>, at 321.
[12] <u>Woll v. Fifth & Mitchell Street Corp.</u>, 1997 WL. 535936, at *3 (E.D. Pa.).
[13] <u>Id</u>.
[14] <u>Beauty Time, Inc. v. VU Skin Systems, Inc.</u>, 118 F.3d 140, 144 (quoting <u>Urland v. Merrell-Dow Pharmaceuticals</u>, 822 F.2d 1268, 1271 (3d Cir. 1987)); <u>Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.</u>, 503 Pa. 80, 468 A.2d 468, 471 (1983).
[15] <u>Wise</u>, supra. (citing <u>Smith</u>, at *5-6) (motion to dismiss denied in Predatory Lending case where Plaintiff alleged financial exploitation, false representations and failed disclosures regarding a mortgage because of facts, if relevant, would equitably toll statute of limitations); and <u>Solar</u>, at *3 (same))). *See also*, <u>In re Balko</u>, 382 B.R. 717, 722 (Bankr.W.D.Pa. 2008); <u>Foster v. Equicredit</u>, 2001 WL 177188, at *3 (E.D.Pa. 2001).

should have been revealed by the exercise of due diligence by the Plaintiff.[16]" Fraud, which will toll the statute of limitations and effect an estoppel, need not be fraud in the strictest sense but may be in the broadest sense, including any act of deception[17].

  b. <u>Statute of Limitations:  TILA/HOEPA</u>

TILA provides borrowers a three (3) day period in which they can rescind their loan[18].

However, when the TILA notice/disclosure is not accurate or not given, the borrower has a three (3) year right of rescission and then one (1) year thereafter to file suit (**four (4) years in total**)[19]. "The finance charges one of the inside "material disclosure" items under Reg. Z and, if it is materially inaccurate, the rescission period is extended until three years after consummation[20]."

While a limitation period is not subject to equitable tolling if it is jurisdictional in nature, TILA is not jurisdictional and therefore subject to equitable tolling[21].

"To hold that by concealing a fraud, or by committing a fraud in a manner that it concealed itself until such time as the party committing the fraud could plead the statute of limitations to protect it, is to make the law which was designed to prevent fraud the means by which it is made successful and secure.[22]"

---

[16] <u>Wise</u>, supra. (quoting <u>Beauty Time, Inc.</u>, at 144; <u>Gee v. CBS, Inc.</u>, 471 F. Supp. 600, 622 (E.D.Pa. 1979), *Aff'd*, 612 F.2d 572 (3d Cir. 1979)).
[17] <u>McNair v. Weikers</u>, 446 A.2d 905, 300 Pa.Super. 379 (1982).
[18] 15 U.S.C. §1635(a).  ("The obligor shall have the right to rescind this transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission form required under this section together with a statement containing material disclosures required under this subchapter, whichever is later...").
[19] 15 U.S.C. §1635(f); 12 C.F.R. §226.23 ("an obligor's right of rescission shall expire three (3) years after the date of consummation of the transaction or..."); <u>King v. State of Cal.</u>, 784 F.2d 910 (C.A.9 1986).
[20] <u>Jeffries</u>, supra. (quoting, <u>Oscar v. Bank One, N.A.</u>, 2006 WL 401853, at *4 (E.D.Pa. 2006)); *see also,* <u>Davis v. Deutsche Bank National Trust Co.</u>, 2007 WL 3342398, at *3 (E.D.Pa. 2007).
[21] <u>Ramadan v. Chase Manhattan Corp.</u>, 156 F.3d 499 (3d Cir.(NJ) (1998)).
[22] <u>Ramadan</u>, supra. (citing <u>Bailey v. Glover</u>, 88 U.S. 342, 349 (1874)).

4

Here, Plaintiff was unaware of the TILA violations until 2006. The statute of limitations should be tolled due to Defendants' deception and Plaintiff discovering the deception when she was placed into foreclosure as a result of Defendants' misconduct.

As detailed in Plaintiff's Second Amended Complaint, it is this continued servicing malfeasance coupled with the original undisclosed and otherwise unlawful charges that lead Plaintiff to discover the true nature of her loan (as well as the actors-Defendants giving rise).

Like a bubble pricked, the above date of discovery gave rise to myriad causes of action for Defendants' unfair and deceptive acts and practices as well as the federal strict lending liability laws and regulations violated leading to Plaintiff's Complaint.

## II.   Rooker-Feldman Damages

Plaintiff's TILA claims are for rescission, damages, and recoupment. The following is additional Third Circuit precedential authority (in addition to Plaintiffs' prior briefs[23]) regarding these claims *vis-à-vis* Rooker-Feldman:

### a.   Rescission[24]

The Supreme Court ended the applicability of the Rooker-Feldman doctrine. "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a State Court has reached in a case to which he was a party … , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.[25]'"

---

[23] Specifically including those apposite to this Court's Order cases expressed in Plaintiffs' Response to Motion to Dismiss (*see therein*, **II (Argument)**)

[24] In applying Third Circuit inapposite though precedent, Plaintiffs consent TILA rescission, alone, disfavored by this Circuit. However, Plaintiffs urge this Court to rather apply Supreme Court precedent as consistent with Plaintiffs' Argument contained within their Response to Summary Judgment. While this Circuit may disapprove in dissimilar cases, it, as before in Exxon, infra., continues to do so, again, despite express, apposite Supreme Court direction specifically to this Circuit.

[25] Exxon Mobil Corp., *infra*: (citing GASH Assocs. v. Rosemont, 995 F.2d 726, 728 (C.A.7 1993) (vacating judgment affirmed by the Third Circuit); *accord* Noel v. Hall, 341 F.3d 1148, 1163-1164 (C.A.9 2003).

Subsequent opinions are littered with references to the demise of the <u>Rooker-Feldman</u> doctrine. In <u>Lance v. Dennis</u>[26], Justice Stevens reasoned that "In <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 125 S.Ct. 1517 (2005), the Court finally interred the so-called "<u>Rooker-Feldman</u> doctrine". And today, the Court quite properly disapproves of the District Court's resuscitation of a doctrine that has produced nothing but mischief for 23 years."

Justice Stevens again noted the end of the doctrine, "I would provide [this holding] with a decent burial in a grave adjacent to the resting place of the <u>Rooker-Feldman</u> doctrine[27]."

With <u>Rooker-Feldman</u> inapplicable, the prior holdings of courts applications of damages is pertinent. The right of rescission under TILA is independent of the mortgage upon which a foreclosure judgment is based[28].

     b.  <u>Damages and Recoupment.</u>

A post-<u>Exxon</u> analysis requires an examination of TILA damages and recoupment. The case law supports the conclusion that remedies under TILA continue to exist when there is a state foreclosure action or judgment. A complaint for TILA claims for recoupment survives and UDAP claims for damages survive[29]. The courts have jurisdiction upon a claim of damages[30]. <u>Rooker-Feldman</u> doctrine did not apply to bar subject matter jurisdiction over claims for recoupment and damages[31].

<div style="text-align:center">

PROCHNIAK WEISBERG, P.C.


<u>/s/ Rebecca M. Steiger, Esq.</u>
Matthew B. Weisberg
Rebecca M. Steiger
Attorney for Plaintiff

</div>

---

[26] 546 U.S. 459, 126 S.Ct. 1198 (2006) (Stevens, J. dissenting on separate grounds)
[27] <u>Marshall v. Marshall</u>, 547 U.S. 293, 126 S.Ct. 1735 (2006) (Stevens, J. dissenting)
[28] <u>Apaydin v. Citibank Federal Savings Bank (In re Apaydin)</u>, 201 B.R. 716 (Bankrtcy. E.D.Pa. 1996)
[29] <u>In re Faust</u>, 353 B.R. 94 (Bkrtcy.E.D.Pa. 2006); Notably as to Defendants attempt at a statute of limitations argument, <u>Faust</u> reiterates TILA recoupment has no statute of limitations if asserted in response to a mortgage foreclosure such as here.
[30] <u>In re Madera</u>, 363 B.R. 718 (Bkrtcty.E.D.Pa. 2007)
[31] <u>In re Randall</u>, 358 B.R. 145 (Bkrtcty.E.D.Pa. 2006)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

**PROCHNIAK WEISBERG, P.C.**
MATTHEW B. WEISBERG
ATTORNEY ID: 85570
REBECCA M. STEIGER
ATTORNEY ID: 200875
7 SOUTH MORTON AVE.
MORTON, PA 19070
610-690-0801

| | |
|---|---|
| Angel J. Laychock<br>1240 Englewood Street<br>Philadelphia, PA 19111 | :<br>:<br>: |
| Plaintiff, | : |
| v. | :<br>: CIVIL ACTION NO.: 07-04478 |
| | : |
| Wells Fargo Home Mortgage, et al<br>3476 Stateview Blvd.<br>Fort Mills, SC 29715 | :<br>:<br>: |
| Defendants. | : JURY OF TWELVE (12) JURORS DEMANDED<br>: |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, hereby certify that on this 23rd day of June, 2008, a true and correct copy of the above captioned Plaintiff's Response to Defendant's, Wachovia, Motion to Dismiss, was served via ECF, upon the following parties.

Reed Smith, L.L.P.
Henry F. Reichner, Esq.
2500 One Liberty Place
Philadelphia, PA 19103

<div style="margin-left:40%">

PROCHNIAK WEISBERG, P.C.

/s/ Rebecca M. Steiger
MATTHEW B. WEISBERG
REBECCA M. STEIGER
Attorney for Plaintiff

</div>