IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL J. LAYCHOCK | : | CIVIL ACTION |
| | : | |
| v. | : | No.: 07-4478 |
| | : | |
| WELLS FARGO HOME MORTGAGE, et al. | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                               **July 23, 2008**

Wells Fargo and Wachovia move to dismiss for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine[1] because a federal judgment favoring Angel Laychock would negate the state's foreclosure judgment against her. Alternatively, they argue *res judicata* and the statute of limitations bar Laychock's claims. Laychock contends neither *Rooker-Feldman* nor *res judicata* apply because her state mortgage foreclosure action neither addressed nor decided this lawsuit's claims for liability damages. She further asserts equitable tolling prevents the Court from applying the statute of limitations. Because *Rooker-Feldman*, *res judicata*, and the statute of limitations apply, I will grant the Defendants' motion to dismiss.

**FACTS**

In June 2006, Laychock alleges she signed up for Wachovia's automatic bi-weekly payments to pay her mortgage. Three months later, Wells Fargo, the mortgagee, allegedly without Laychock's authorization also began withdrawing bi-weekly payments from Laychock's Wachovia bank account.

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1976).

1

In December 2006, Laychock discovered Wells Fargo's allegedly unauthorized withdrawals, which led to incurring insufficient funds and late fees.

After Laychock's discovery, Wells Fargo informed her it would investigate and reversed three out of the seven duplicative payments. Wells Fargo then notified Laychock it informed the credit reporting agencies of its erroneous credit reports.

About seven months later in July 2007, Wachovia filed a foreclosure in Philadelphia Court of Common Pleas against Laychock. In its foreclosure complaint, Wachovia, as a trustee for Wells Fargo, alleged Laychock had failed to pay her monthly payment since April 1, 2007. Wachovia alleged Laychock owed $120,493.72 on the mortgage. Wachovia also alleged it was not seeking a judgment of personal liability, but only sought to "foreclose the mortgage and sell the mortgaged premises." Wachovia's Foreclosure Compl.

On October 12, 2007, Laychock petitioned the Philadelphia Court of Common Pleas to open the default judgment. In this petition, Laychock asserted different defenses including "[Wells Fargo and Wachovia] double-debited Plaintiff's auto-pay account causing Plaintiff's short-fall and then foreclosed while contemporaneously giving Plaintiff credit for the same." Laychock's Pet. to Open Def. J. ¶ 21. In her proposed answer, Laychock also stated the "mortgage is rescindable pursuant to [Wells Fargo and Wachovia]'s truth-in-lending violations." Laychock's Proposed Ans. ¶ 5.

On October 25, 2007, before receiving the decision on her petition to open, Laychock filed this federal lawsuit against Wells Fargo and Wachovia for "predatory lending" unfair and deceptive acts and practices, wrongful foreclosure, and conspiracy and/or aiding and abetting. In this federal lawsuit, Laychock alleges Well Fargo and Wachovia double-debited her account for the monthly mortgage payments and filed a wrongful foreclosure against her. She alleges their conduct resulted

in 14 state and federal violations: wrongful use of civil proceedings; abuse of process; breach of contract; two counts of negligence; fraud/fraud on the court; Unfair Trade Practices Consumer Protection Law (UTCPL); Truth In Lending Act (TILA); Home Ownership Equity Protection Act (HOEPA); Real Estate Settlement Practices Act (RESPA); Fair Credit Reporting Act (FCRA); Fair Credit Extension Uniformity Act (FCEUA); Civil Rights (Section 1983); and Slander of Title.[2] Judge Gary F. DiVito in the Philadelphia Court of Common Pleas reviewed Laychock's petition to open, Wells Fargo and Wachovia's answer, and denied Laychock's petition on November 28, 2007.

**DISCUSSION**

Under *Rooker-Feldman,* I must discuss what the state court decided and how Laychock's current claims and proposed relief will affect the state court decision. I conclude 11 of Laychock's claims along with her request for recision will require I find the state court was wrong in its foreclosure, so *Rooker Feldman* applies and I lack jurisdiction. Alternatively, *res judicata* also precludes these claims. The statue of limitations bars the TILA, HOEPA, and RESPA monetary claims.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuading the Court subject matter jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). The court "may not presume the truthfulness of plaintiff's allegations, but rather must evaluate for itself the merits of the jurisdictional claims." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005)

---

[2]During the hearing for the motion to dismiss, Laychock withdrew her claim for ECOA, 15 U.S.C. § 1691(f).

(brackets omitted).

The *Rooker-Feldman* Doctrine "prevents 'inferior' federal courts from sitting as appellate courts for state court judgments." *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005). *Rooker-Feldman* applies when: (1) "the federal claim was actually litigated in state court prior to the filing of the federal action" or (2) "if the federal claim is inextricably intertwined with the state adjudication." *Id*. A federal and state case are "inextricably intertwined" when "the federal court must take an action that would negate the state court's judgment" or when the plaintiff's sought relief "would prevent a state court from enforcing its orders." *Id.* at 581. "If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit." *ITT Corp. v. Intelnet Intern.,* 366 F.3d 205, 211 (3d Cir. 2004) (citing *FOCUS*, 75 F.3d at 840 (quoting *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir.1995)). "The doctrine applies only when a plaintiff asks a district court to redress an injury *caused* by the state court judgment itself - not when a plaintiff merely seeks to relitigate a claim or issue already litigated in state court." *Moncrief v. Chase Manhattan Mortg. Corp.*, 2008 WL 1813161, at * 2 (3d Cir. Apr. 3, 2008) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292-93 (2005)) (emphasis added).

In deciding whether a claim is "inextricably intertwined," courts must determine "exactly what the state court held." *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) (citing *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir.1995) (citations omitted)). Then, courts must examine the sought federal relief. *Id.* If this relief "requires determining that the state court decision is wrong or would void the state court's ruling," then the

issues are inextricably intertwined and the court lacks jurisdiction. *Id.*

In Laychock's case, the Philadelphia Court of Common Pleas entered default foreclosure judgment against her and subsequently, denied her petition to open this default judgment. In Pennsylvania, a foreclosure judgment against the mortgagor means "the mortgage is in default, that [the mortgagors] have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." *Cunningham v. McWilliams*, 714 A.2d 1054, 1056-57 (Pa. Super. 1998) (citing *Landau v. Western Pennsylvania National Bank*, 445 Pa. 217, 225-26, 282 A.2d 335, 340 (1971) (discussing burden mortgagee must prove in summary judgement motion)); Pa. Civ. R. P. 1147.[3]   A mortgage foreclosure also depends "upon the existence of a valid mortgage." *In re*

---

[3] Pennsylvania's Foreclosure Complaint must state the following:

> (1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;
> (2) a description of the land subject to the mortgage;
> (3) the names, addresses and interest of the Defendants in the action and that the present real owner is unknown if the real owner is not made a party;
> (4) a specific averment of default;
> (5) an itemized statement of the amount due; and
> (6) a demand for judgment for the amount due.
>
> Note: The plaintiff may also set forth in the complaint a release of the mortgagor and the mortgagor's successors in interest. See Rule 1144(b).
>
> If the mortgage is a residential mortgage under Act No. 6 of 1974, 41 P.S. § 101, the complaint should set forth an averment of compliance with the provisions of Section 403 of Act No. 6, 41 P.S. § 403.
>
> (b) If the plaintiff is proceeding against both personal and real property covered by a mortgage as provided by Section 9604(a) of the Uniform Commercial Code, the plaintiff shall set forth in the complaint
>        (1) the matters required by subdivision (a), and
>        (2) a description of the personal property subject to the mortgage.

Pa. R. Civ. P. 1147

*Randall*, 358 B.R. 145, 158 (Bkrtcy. E.D. Pa. 2006). Thus, in the default foreclosure judgment against her, the Philadelphia Court of Common Pleas decided Laychock had not paid her monthly payments since April 1, 2007 and her recorded valid mortgage was rightfully for $120,493.72. Judge DiVito denied Laychock's petition to open the default judgment. The denial rejected Laychock's assertions Wachovia and Wells Fargo allegedly double debited Laychock's bank account and allegedly violated TILA. This denial affirmed the Philadelphia Court of Common Pleas' default mortgage foreclosure judgment against Laychock, finding she had failed to make her monthly mortgage payments and was in default.

In her federal lawsuit, Laychock seeks monetary damages for Wachovia and Wells Fargo allegedly double-debiting her account and filing a wrongful foreclosure against her. This misconduct underlies her claims of wrongful use of civil proceedings; abuse of process; breach of contract; negligence; fraud/fraud on the court; UTPCPL; FCRA; FCEUA; Section 1983; and Slander of Title.[4] In other words, Laychock alleges she made her monthly mortgage payments and Wachovia and Wells Fargo wrongly initiated the state foreclosure suit. She also seeks monetary damages and rescission of her mortgage based on violations of TILA, HOEPA, and RESPA.

All her claims for monetary damages, except for TILA, HOEPA, and RESPA, would require me to decide Wells Fargo and Wachovia wrongfully double-debited her account and initiated a wrongful foreclosure against her. Such a decision requires me to find the Philadelphia Court of Common Pleas Judge's decision, Laychock failed to make her monthly mortgage payments, was wrong. *Moncrief v. Chase Manhattan Mortg. Corp.*, 2008 WL 1813161, at * 1-2 (3d Cir. Apr. 3,

---

[4] Laychock also had punitive damages as a claim for relief. Because none of the claims survive, Laychock's claim for punitive damages is also dismissed.

2008) (finding *Rooker Feldman* precluded former homeowner's case to the extent it sough redress from state foreclosure judgment).  A federal judgment in Laychock's favor would also invalidate the Philadelphia Court of Common Pleas Judge's denial of the petition to open based on alleged double-debiting and wrongful foreclosure.  Her sought relief for rescission would also invalidate the state default judgment.  *In re Faust*, 353 B.R. 94, 103 (Bankr. E.D. Pa. 2006).

Laychock contends she should be allowed to proceed with all of her claims because Pennsylvania law precludes her and other defendants in mortgage foreclosure proceedings from asserting recoupment or allegations for personal liability damages.  Pa. R. Civ. P. 1141; *see Overly v. Kass,* 382 Pa. Super. 108, 113-15, 554 A.2d 970, 973-74 (1989) (precluding Wells Fargo and Wachovia from seeking a set-off for misrepresentations about the condition of the property), *Chrysler First Business Credit Corp. v. Gourniak*, 411 Pa. Super. 259, 267, 601 A.2d 338, 342 (1992) (precluding defenses relating to misrepresentation in the inducement to purchase of the property).  A mortgage foreclosure proceeding permits only counterclaims "directly related to the transaction or occurrence out of which the mortgage arose. . . ." Pa. R. Civ. P. 1148; *Indymac Bank F.S.B. v. Vicuna,* 83 Pa. D. & C.4th 129, 132 -133 (Pa. Com. Pl. 2007).  Counterclaims or defenses regarding the mortgage itself, however, are permitted. *Vicuna*, 83 Pa. D. & C.4th at 133 (permitting counterclaim and defense of fraud in the inducement of the mortgage itself).

Laychock's allegations of double-debiting and illegal foreclosure would fit as defenses to the mortgage default.  *See id.*; *Moncrief*, 2008 WL 183161 at *2.  Through her claims, Laychock requests a federal fact-finder to decide Wells Fargo and Wachovia inappropriately debited her account and wrongfully foreclosed on her property.  Such a decision would negate the state court's judgment, which decided in favor of Wells Fargo and Wachovia. Laychock brought these allegations

as defenses in her petition to open the default. Judge DiVito rejected these arguments. Laychock could also raise these defenses and arguments on appeal of the default judgment and petition to open. *See Andrew v. Ivanhoe Financial, Inc.,* 2008 WL 2265287, at * 8 (E.D. Pa. May 30, 2008) (instructing plaintiff to seek relief by petitioning under Pa R. Civ. P. 237.3). Alternatively, *res judicata* also precludes these claims as they are an attempt to relitigate the state foreclosure.[5]

---

[5]    *Res judicata* is an affirmative defenses that can be raised on a 12(b)(6) motion to dismiss "if the defect appears on the face of the pleading." *In re Faust* 353 B.R. 94, 101-02 (Bkrtcy. E.D. Pa. 2006) (citing *Brody v. Hankin*, 299 F. Supp. 2d 454, 458 (E.D. Pa. 2004), *rev'd on other grounds* 145 Fed. Appx. 768 (3d Cir. 2005)). A 12(b)(6) motion to dismiss admits the complaint's well pleaded allegations, but denies their legal sufficiency. *Hospital Building Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740 (1976); *T.R. Ashe, Inc. v. Bolus,* 34 F. Supp. 2d 272, 274-75 (M.D. Pa. 1999). The complaint and every doubt is resolved in the plaintiff's favor. *In re Arthur Treacher's Franchise Litigation*, 92 F.R.D. 398, 422 (E.D. Pa. 1981). The court must accept the complaint's factual allegations as true, as well as all its reasonable inferences. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). "[A] case should not be dismissed unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations." *Id.* (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Only the complaint's allegations, matters of public record, orders, and exhibits attached to the complaint are considered. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990). Courts must allow plaintiffs to amend unless amendment would be "inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002)).

To prevail on *res judicata,* Wells Fargo and Wachovia must prove: (1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same. *O'Leary v. Liberty Mut. Ins. Co.*, 923 F.2d 1062, 1065 (3d Cir. 1991) (internal citations omitted).   Asserting different laws, statutes, or theories of recovery will not by itself preclude application of *res judicata*. *United States v. Athlone Industries, Inc.*, 746 F.2d 977, 984 (3d Cir. 1984) (citations omitted). "Rather than resting on the specific legal theory invoked, *res judicata* generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims ... ." *Id*. at 983-84 (3d Cir. 1984) (citing *Davis*, 688 F.2d at 171). The Pennsylvania Supreme Court has explained *res judicata* moves to preclude "a second trial on the same cause between the same

*Rooker-Feldman* precludes 11 of Laychock's 14 claims.  The first claim barred by *Rooker-Feldman* is slander of title.  To prevail on slander or disparagement of title, Laychock must prove Wachovia and Wells Fargo falsely and maliciously represented "the title or quality of another's interest in goods or property."  *Pro Golf Mfg., Inc. v. Tribune Review Newspaper Co.*, 809 A.2d 243, 246 (Pa. 2002).  She alleges Wells Fargo and Wachovia "slandered Laychock's then title and rights to the premises."  Compl. ¶ 68.  The Philadelphia Court of Common Pleas default mortgage foreclosure judgment against Laychock held Laychock had failed to make her mortgage payment for three months.  I would have to invalidate the state default judgment in order to rule Wells Fargo and Wachovia "maliciously represented" her interest in her property.

Laychock's FCRA[6] and FCEUA[7] are the next two claims barred by *Rooker-Feldman*.  Laychock alleges Wachovia and Wells Fargo violated these laws by reporting her mortgage foreclosure.  Both claims require a finding Wachovia and Wells Fargo wrongfully reported the mortgage foreclosure.  *See Crane v. American Home Mortgage, Corp.,*  2004 WL 1529165, at * 5 (E.D. Pa. July 7, 2004) (citing 15 U.S.C. § 1681a(k)(1)(B)(iv) (defining adverse action for FCRA);

---

parties."  *Hochman v. Mortgage Fin. Corp.*, 289 Pa. 260, 263, 137 A. 252, 253 (1927).  The court considers "whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights."  *Id.*

*Res judicata* has precluded others like Laychock, who are attempting to relitigate the legitimacy of foreclosures.  *Moncrief*, 2008 WL 183161, at * 2 (finding *res judicata* precluded disputes regarding the mortgage amount).  In *Moncrief*, the Third Circuit found *res judicata* precluded Moncrief's claims against the legality of her previous state foreclosure judgment "claims regarding the legality of the foreclosure are predicated on the same underlying transaction (the mortgage agreement) that was the basis of the foreclosure action."  *Id.* (citing *Athlone*, 746 F.2d at 983-84).  Like *Moncrief*, all of Laychock's claims dispute the legitimacy of the underlying mortgage.  *Id.*  *Res judicata* also precludes Laychock's claims.  *Id.*

[6] Fair Credit Reporting Act, 15 U.S.C. § 1681.

[7] Fair Credit Extension Uniformity Act, 77 Pa.C.S. § 2270.3.

77 Pa.C.S. § 2270.3 (stating FCEUA prohibits oppressive and harassing behavior on behalf of the creditors).[8]  Finding Wachovia and Wells Fargo wrongfully reported this would mean the foreclosure, and the state judgment, was incorrect.

The next three claims, wrongful use of civil proceedings, abuse of process, and fraud/fraud on the court assert an abuse of legal proceedings.  Wrongful use of civil proceedings and abuse of process require Laychock to prove Wells Fargo and Wachovia initiated a baseless claim against her.  *See* 42 Pa.C.S.A. § 8351; *D'Elia v. Folino*, 933 A.2d 117, 121 (Pa. Super. 2007) (requiring plaintiff to prove "(a) initial lawsuit was brought in grossly negligent manner or without probable cause and for purpose other than discovery, joinder, or adjudication; and (b) proceedings have terminated in favor of person against whom they were commenced" to prevail in wrongful use of civil proceedings

---

[8] The Fair Credit Extension Uniformity Act states:

> (b) By creditors.--With respect to debt collection activities of creditors in this Commonwealth, it shall constitute an unfair or deceptive debt collection act or practice under this act if a creditor violates any of the following provisions:
>
>   . . .
>
> (4) A creditor may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph:
>
>   . . .
>
> (5) A creditor may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph:
>
>   . . .

73 P.S. § 2270.4.

claim); *Werner v. Plater-Zyberk*, 799 A.2d 776, 785 (Pa. Super. 2002) (holding an abuse of process requires: a legal process against plaintiff; [p]rimarily to accomplish a purpose for which the process was not designed; [h]arm has been caused to the plaintiff.").

To show a fraud on the court, Laychock would have to show the Defendants committed fraud upon the court by filing the state foreclosure. *Pittsburgh Live, Inc. v. Servov*, 419 Pa.Super. 423, 429, 615 A.2d 438, 441 (1992) (listing prevailing burden for fraud as a "(1) a misrepresentation, (2) a fraudulent utterance thereof, (3) an intention by the maker that the recipient will thereby be induced to act, (4) justifiable reliance by the recipient upon the misrepresentation, and (5) damage to the recipient as the proximate result"). For Laychock to prevail on these claims, I would have to find Wells Fargo and Wachovia wrongfully withdrew more automatic payments from her account than permitted and then maliciously filed a baseless foreclosure against her. This finding would negate the state court's judgment Laychock had defaulted in her judgment and Wachovia Wells Fargo rightfully initiated the foreclosure proceedings, in violation of *Rooker-Feldman*.

Laychock's seventh claim is a Civil Rights - Section 1983 claim. Section 1983 "establishes a federal remedy against a person who, acting under color of state law, deprives another of constitutional rights." *Burella v. City of Philadelphia*, 501 F.3d 134, 139 (3d Cir. 2007) (internal quotation marks and citation omitted). To prevail in this claim, Laychock must prove (1) Wachovia and Wells Fargo deprived her of a federal right (2) while acting under color of state law. *Id.* She alleges Wells Fargo and Wachovia used the "Prothonotary, Sheriff, and the Court of Common Pleas" to initiate the illegal foreclosure, depriving her of her First, Fourth, and Fourteenth amendment rights. Compl. ¶ ¶ 65-66. Laychock's constitutional deprivation depends on a finding the foreclosure was illegal. Such a finding requires deciding the state court was wrong in entering the

11

default mortgage foreclosure. *In re Knapper*, 40 F.3d at 581 (finding *Rooker-Feldman* precluded Knapper's due process attack on her state foreclosure judgment because federal relief would rely on a finding the state court default judgment was "improperly obtained.").

*Rooker Feldman* also bars Laychock's one breach of contract and two negligence claims. For Laychock to establish breach of contract and negligence claims, she must show Wells Fargo and Wachovia breached a term of the contract and/or a duty. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (as cited in *Sampathachar v. Federal Kemper Life Assur. Co.*, 186 Fed. Appx. 227, 230 (3d Cir. 2006) (listing contract prima facie as "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages."); *Jones v. Levin*, 940 A.2d 451, 454 (Pa. Super. 2007) (citations omitted) (listing negligence elements as: 1) a duty or obligation recognized by law; 2) a breach of that duty; 3) causation between the breach and the resulting injury; and 4) actual loss or damage suffered by complainant). To prove these breaches, she alleges Wells Fargo and Wachovia wrongfully withdrew automatic payments from her account and then illegally filed a foreclosure against her. To find Wells Fargo and Wachovia breached their duties, I would have to find Laychock made her monthly payments and the state default foreclosure judgment against her was wrong. *Rooker Feldman* precludes this.

The eleventh claim precluded by *Rooker-Feldman* is the UTCPL. Under UTCPL, Laychock must prove Wachovia and Wells Fargo "engag[ed] in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2. She alleges Wells Fargo and Wachovia' conduct "surrounding the mortgage, servicing and underlying complaint falls within the [UTCPL]." Compl. ¶ 44. To find Wells Fargo and Wachovia engaged in fraudulent or

deceptive conduct, I would have to find they wrongfully withdrew money from her account and wrongfully initiated the foreclosure proceedings.

Laychock also asks me to both rescind the mortgage and award her monetary damages for disclosure violations under TILA,[9] HOEPA,[10] and RESPA.[11] "Courts in this district have, in fact, consistently drawn such a distinction, holding that claims for recision or other relief *calling a Debtor's mortgage itself into question* may not proceed pursuant to *Rooker-Feldman*, but claims for damages may go forward following a state court foreclosure judgment." *In re Reagoso*, 2007 WL 1655376, at * 1 -4  (Bkrtcy. E.D. Pa. 2007).  Thus, Laychock's claims requesting rescission are precluded because rescinding the mortgage would invalidate the state court's default mortgage foreclosure judgment.  To prove her claims for monetary relief under TILA, HOEPA, and RESPA, she alleges Wells Fargo and Wachovia failed to provide the appropriate disclosures during closing. A finding she did not receive appropriate disclosures would not require me to find the state court was wrong in entering the default judgment.  Such a finding does not dispute the validity of the state court's mortgage foreclosure or of whether Laychock made her monthly mortgage payments.  Thus, *Rooker-Feldman* precludes her TILA, HOEPA, and RESPA claims to the extent they request rescission, but it does not preclude these claims to the extent they request monetary damages.  *In re Randall*, 358 B.R. 145, 157 (Bkrtcy. E.D. Pa. 2006) (finding *Rooker-Feldman* does not preclude monetary damages because " a set-off for an alleged violation of the Truth-in-Lending Act cannot be asserted as a counter-claim in a mortgage foreclosure action"). The statute of limtiations,

---

[9] Truth in Lending Act, 15 U.S.C.A. §§ 1691 et seq.

[10] Home Ownership Equity Protection Act, 15 U.S.C.A. §§ 1602(aa), 1610, 1639, 1640.

[11] Real Estate Settlement Practices Act, 12 U.S.C.A. § 2614.

however, does bar these monetary claims.

The statute of limitations is an affirmative defense that can be raised on a 12(b)(6) motion to dismiss "if the defect appears on the face of the pleading." *In re Faust* 353 B.R. 94, 101-02 (Bkrtcy. E.D. Pa. 2006) (citing *Brody v. Hankin*, 299 F. Supp. 2d 454, 458 (E.D. Pa. 2004), *rev'd on other grounds* 145 Fed. Appx. 768 (3d Cir. 2005)).  A 12(b)(6) motion to dismiss admits the complaint's well pleaded allegations, but denies their legal sufficiency. *Hospital Building Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740 (1976); *T.R. Ashe, Inc. v. Bolus,* 34 F. Supp. 2d 272, 274-75 (M.D. Pa. 1999).  The complaint and every doubt is resolved in the plaintiff's favor. *In re Arthur Treacher's Franchise Litigation*, 92 F.R.D. 398, 422 (E.D. Pa. 1981).  The court must accept the complaint's factual allegations as true, as well as all its reasonable inferences. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).  "[A] case should not be dismissed unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations." *Id.* (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  Only the complaint's allegations, matters of public record, orders, and exhibits attached to the complaint are considered. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir. 1990).  Courts must allow plaintiffs to amend unless amendment would be "inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002)).

The statute of limitations also applies and bars Laychock's remaining TILA, HOEPA, and RESPA claims for monetary damages. TILA and HOEPA, have a one-year statute of limitations for monetary damages. 15 U.S.C. § 1640(e) (stating the one-year statute of limitations); *In re*

*Community Bank of Northern Virginia*, 418 F.3d 277, 304 -305 (3d Cir. 2005) (citing to 15 U.S.C. § 1640(e) for one year statue of limitations).  RESPA has a one-year statute of limitation for fee splitting and a three-year statute of limitation for a defective response.  12 U.S.C.A. § 2614.  The statute of limitations begins to run when "the cause of action accrues." *Oshiver v. Levin, Fishbein Sedran & Berman*, 38 F.3d 1380, 1385 (3d Cir. 1994).

Here, Laychock's violations occurred at her 2002 closing.  She filed the TILA, HOEPA, and RESPA allegations in 2007, long after both the expiring one and three year limitations.  The statute of limitations bars these complaints.

Laychock's contention equitable tolling precludes dismissal fails.  Equitable tolling applies: (1) where the defendant actively misleads the plaintiff about his/her cause of action (fraudulent concealment); (2) where some extraordinary circumstance prevents the plaintiff from asserting his/her rights; or (3) where the plaintiff has timely asserted his/her rights, but in the wrong forum. *Oshiver*, 38 F.3d at 1387; *Wise v. Mortgage Lenders Network USA Inc.*, 420 F. Supp. 2d 389, 393-94 (E.D. Pa. 2006).  Here, Laychock would have to rely on the first option of fraudulent concealment. *Andrew,* 2008 WL 2265287 at *4.  To satisfy this option, Laychock's allegation of fraudulent concealment must also satisfy Federal Rule of Civil Procedure 9(b)'s requirements of specificity. *Id.*; *Lum v. Bank of America*, 361 F.3d 217, 223-24 (3d Cir.2004) (requiring a fraud allegation to specify "who made a misrepresentation to whom and the general content of the misrepresentation" in order to notify the defendants of the exact misconduct alleged); *Wise v. Mortgage Lenders Network USA Inc.*, 420 F. Supp. 2d 389, 394 (E.D. Pa. 2006) (making specific allegations of fraud and defendants actively and intentionally misleading them).  Instead of specific allegations, Laychock makes conclusory allegations of conspiracy and deceptive practices. *Andrew,* 2008 WL

2265287 at * 5 (holding Andrew and Andrew's attorney, who is also Laychock's attorney, needed to plead fraud specifically for equitable tolling to apply). Equitable tolling fails to apply to Laychock's TILA, HOEPA, and RESPA claims, and the statute of limitations bars them.

In conclusion, *Rooker-Feldman* and *res judicata* bar Laychock's claims attempting to challenge and relitigate the state default foreclosure judgment against her. *Rooker Feldman* also bars her request for rescission under TILA, HOEPA, and RESPA, but not her request for monetary damages. The statute of limitations, however, does bar Laychock's these request for monetary damages under TILA, HOEPA, and RESPA.

An appropriate order so follows.