UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| Angel Laychock | : | |
|---|---|---|
| | : | CIVIL ACTION NO.: |
| Plaintiff | : | |
| | : | 07-04478 |
| v. | : | |
| | : | |
| Wells Fargo Home Mortgage | : | JURY OF TWELVE (12) JURORS DEMANDED |
| | : | |
| Defendant | : | |

## ORDER

AND NOW THIS _____ day of _____, 2008, upon consideration of Plaintiffs' Motion for Leave to File an Amended Complaint, and any response thereto, it is hereby ORDERED and DECREED that Plaintiffs' Motion is GRANTED, and Plaintiffs are granted leave to file an Amended Complaint within ten (10) days from the date of this Order's entry in an attempt to cure the deficiencies indicated in the Memorandum and Order dated July 23, 2008 (Docket No. 25).

**AND IT IS SO ORDERED.**

_____
Juan R. Sanchez, J.

<div style="text-align:center">

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

</div>

PROCHNIAK WEISBERG, P.C.
BY: Matthew B. Weisberg
Attorney ID. #85570
7 South Morton Avenue
Morton, PA 19070
(610) 690-0801
Fax (610) 690-0880

| | |
|---|---|
| Angel Laychock | : |
|             Plaintiff | :   CIVIL ACTION NO.: |
| | : |
| | :   07-04478 |
|             v. | : |
| | : |
| Wells Fargo Home Mortgage | : JURY OF TWELVE (12) JURORS DEMANDED |
| | : |
|             Defendant | : |

<div style="text-align:center">

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**
**TO CURE THE DEFICIENCIES INDICATED IN THE MEMORANDUM**
**AND ORDER DATED JULY 23, 2008**

</div>

Incorporating by reference their attached Memorandum of Law, Plaintiffs request this Honorable Court grant them leave to file an Amended Complaint to cure the deficiencies per the Memorandum and Order dated July 23, 2008 (Docket No. 25).

WHEREFORE, Plaintiffs request leave to file an Amended Complaint.

<div style="margin-left:50%">

PROCHNIAK WEISBERG, P.C.

/s/ Matthew B. Weisberg, Esquire
MATTHEW B. WEISBERG, ESQUIRE
Attorney for Plaintiffs

</div>

<div style="text-align:center">

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

</div>

PROCHNIAK WEISBERG, P.C.
BY: Matthew B. Weisberg
Attorney ID. #85570
7 South Morton Avenue
Morton, PA 19070
(610) 690-0801
Fax (610) 690-0880

| | |
|---|---|
| Angel Laychock : | |
| : | CIVIL ACTION NO.: |
| Plaintiff : | |
| : | 07-04478 |
| v. : | |
| : | |
| Wells Fargo Home Mortgage : | JURY OF TWELVE (12) JURORS DEMANDED |
| : | |
| Defendant : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT TO CURE THE DEFICIENCIES INDICATED IN THE MEMORANDUM AND ORDER DATED JULY 23, 2008**

I. **Introduction**

By Order dated July 23, 2008 (entered July 28, 2008), this Honorable Court entered its Order upon Defendants' motions to dismiss dispositively adjudicating Plaintiffs' then pending Complaint. (Docket No. 25). Plaintiffs move this Honorable Court for leave to file their Amended Complaint in an attempt to cure the deficiencies raised in the Court's Memorandum Opinion.

The operative facts underlying this action are known to this Court and incorporated by reference.

## II. The Order

In its Order, this Honorable Court held that equitable tolling applies through FRCP 9(b)'s "requirement for specificity" vis-à-vis fraudulent concealment as to Plaintiffs' claims for money damages under TILA, HOEPA, and RESPA. The Court held that Amended Complaints must be allowed unless "inequitable or futile." Phillips, supra.

Incorporating by reference her Motion for Reconsideration, et al. (under separate cover), Plaintiffs request additionally or in the alternative that she be granted leave to file an Amended Complaint so to supply the "who, how, what, when, where and why" to push her Complaint past the admittedly low threshold per the underlying Motions to Dismiss as to TILA, HOEPA, and RESPA damages claims per the doctrine of equitable tolling.

## III. Argument

### A. Specificity Standard for Motion to Dismiss: Phillips reconciling Twombly and thereafter Erickson

In Twombly, the United States Supreme Court discussed the Conley standard in adjudicating a Motion to Dismiss. Bell Atlantic Corp v. Twombly, 127 S. Ct. 1955 (2007); Conley v. Gibson, 78 S. Ct. 99 (1957). A complex antitrust lawsuit arising from state law, Twombly reconciled but *did not overrule* Conley instead holding that the standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will produce evidence" that the facts set forth in the Complaint will enable plaintiff a right to relief. Twombly, Supra.

**After** Twombly, the United States Supreme Court applied the Conley standard in vacating the Trial Court's dismissal of a civil rights complaint by a prisoner-plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007).

In reconciling <u>Twombly</u> and <u>Erickson</u> with <u>Conley</u>, the Third Circuit held that <u>Twombly</u> has *not* altered the pleading standard. <u>Phillips v. County of Allegheny</u>, 515 F3d. 224 (3d. Cir. 2008). The Third Circuit has clearly held that <u>Twombly</u> does ***not*** require "detailed factual allegations," but "only a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant a fair notice of what the claim is and the grounds upon which it rests." <u>Phillips,</u> supra. <u>Phillips</u> recognized that the "plausibility" analysis of <u>Twombly</u> is contextual: the more complicated a cause of action (such as antitrust, as in <u>Twombly</u>) the more a plaintiff must "show" in terms of facts to "nudge" a claim "across the lines from conceivable to plausible." <u>Phillips</u>, supra; <u>Twombly</u>, supra. On the contrary, a simplistic even federal cause of action such as §1983 (Civil Rights) negligence applies the <u>Conley</u> "no set of facts" analysis.

Judge Richard Nygaard further stated in <u>Phillips</u> that <u>Twombly</u> confirmed that any reasonable *inference* that may be drawn from the Complaint must be viewed in the light most favorable to the plaintiff; a claim requires a Complaint have enough factual matter (taken as true) to ***suggest*** the required element. "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." <u>Phillips</u>, supra.

In reevaluating the dismissed pleading, it is respectfully suggested that when applying the correct standard that pleading states or implies enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements to proceed. However, Plaintiffs merely request leave to amend to cure the Order's discussed pleading defects.

B.    Standard upon Motion to Amend: <u>Phillips</u> and <u>Twombly</u>

A plaintiff should be provided an opportunity to file an Amended Complaint if it appears that the underlying pleading's deficiencies can be corrected. Twombly, supra; see, 2A J. Moore, Moore's Federal Practice ¶12.07 [2.-5], p. 12-99 (2d Ed. 1994); accord, In re Spree.Com Corp., 2001 WL 1518242 (Bankr.E.D.Pa. 2001).

Holding that the District Judge erred when dismissing the Complaint without offering plaintiff the opportunity to amend, Phillips stated "it does not matter whether or not a plaintiff seeks leave to amend. We have instructed that if a Complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips, supra (citing Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d. Cir. 2002); and citing Shane v. Fauver, 213 F.3d 113, 116 (3d. Cr. 2000)). "We have instructed that a District Court must provide the plaintiff with this opportunity [Leave to Amend] even if the plaintiff does not seek leave to amend." Phillips, supra (citing Alston v. Parker, 363 F.3d 229, 235 (3d. Cir. 2004)). "Standards of pleading are not the same as standards of proof. We have not expressed an opinion on whether [plaintiff] will ultimately prove her case." Phillips, supra.

In Maio, the Third Circuit found appellants did not file an Amended Complaint nor a formal Motion for Leave to Amend before the District Court but instead asked for the opportunity to amend their Complaint at the conclusion of their Brief in Opposition to Appellees' Motions to Dismiss. Holding only futility precludes leave to amend, Maio reaffirmed that unless utility vis-à-vis the amendment is specifically stated as held in the dismissal order, refusal to grant leave amounts to an abuse of discretion specifically in "a situation in which appellants simply need to allege mere specific information in order to overcome another renewed Motion to Dismiss." Maio v. Aetna, Inc. 221 F.3d 47, fn 19 (C.A.3 (Pa) 2000) (citing Lorenz v. CSX Corp.,

1 F.3d 1406, 1413 (3d. Cir. 1993) (quoting Forman v Davis, 371 U.S. 178, 182, 83 S.Ct. 2 (1962))).

**Leave to Amend Court shall be freely given when justice so requires." FRCP 15(a).**

IV. **Conclusion**

The Memorandum and Order discusses Plaintiffs' pleading deficiencies. Plaintiffs can correct via amended pleading. Plaintiffs request leave to file an Amended Complaint to correct those deficiencies.

Twombly has been interpreted by the Third Circuit in Phillips as not creating, in any event, a heightened standard for the simplistic facts. The United States Supreme Court *after* Twombly in Erickson held that in simplistic fact patterns, Twombly does not create a heightened pleading standard by Erickson's application of the Conley "no set of facts" standard (which, again, United States Supreme Court applied after having just decided Twombly). Regardless, the prospective Amended Complaint will satisfy even the most heightened standard which when applied to the most complex actions (not instantly) still enables inferences and discovery unless futile.

With the exception of futility, the Third Circuit mandates a District Court grant leave for an amended pleading *even if that amended pleading's leave is not requested*. The United States Supreme Court even in Twombly, itself, explicitly stated that amended pleadings should be enabled.

This Honorable Court's Memorandum Opinion points to deficiencies in the underlying Complaint that can be corrected.

Initial papers should not be exalted to the status of discovery nor should motions to dismiss upon perceived deficiencies of those papers be granted so as to deny subsequent rights

under the guise of but not actually due process. Plaintiffs, however, do not request reconsideration of this Court's Order but rather mere opportunity to cure via Amended Complaint.

    WHEREFORE, Plaintiffs request leave to file an Amended Complaint.

<div style="text-align:right">

PROCHNIAK WEISBERG, P.C.

/s/ Matthew B. Weisberg, Esquire
MATTHEW B. WEISBERG, ESQUIRE
Attorney for Plaintiffs

</div>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

PROCHNIAK WEISBERG, P.C.
BY: Matthew B. Weisberg
Attorney ID. #85796
7 South Morton Avenue
Morton, PA 19070
(610) 690-0801
Fax (610) 690-0880

| | |
|---|---|
| Angel Laychock | : |
|     Plaintiff | : CIVIL ACTION NO.: |
| | : 07-04478 |
| vi. | : |
| | : |
| Wells Fargo Home Mortgage | : JURY OF TWELVE (12) JURORS DEMANDED |
| | : |
|     Defendant | : |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, hereby certify that on this 18th day of August, 2008, a true and correct copy of Plaintiffs' Motion for Leave to File an Amended Complaint to cure the deficiencies indicated in the Memorandum and Order dated July 23, 2008, was served via ECF, upon the following parties:

Reed Smith, L.L.P.
Henry F. Reichner, Esq.
2500 One Liberty Place
Philadelphia, PA 19103

PROCHNIAK WEISBERG, P.C.

/s/ Matthew B. Weisberg, Esquire
MATTHEW B. WEISBERG, ESQUIRE
Attorney for Plaintiffs