**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Angel Laychock | : | |
| | : | CIVIL ACTION NO.: 07-04478 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| Wells Fargo Home Mortgage | : JURY OF TWELVE (12) JURORS DEMANDED | |
| | : | |
| Defendant | : | |

---

**PLAINTIFFS' OMNIBUS REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR
LEAVE TO FILE AN AMENDED COMPLAINT AND MOTION FOR RELIEF FROM
ORDER DATED JULY 23, 2008 (ENTERED JULY 28, 2008)**

Arising from this Honorable Court's Opinion ("Opinion") and Order ("Order") (Docket

No. 25) (entering judgment in favor of Defendants and against Plaintiff), Plaintiff filed her

Motion for Leave to File an Amended Complaint to cure the deficiencies there indicated (No.

26), and for Relief from the Order pursuant to F.R.C.P. 60(b)(5) & (6).  On September 16, 2008,

Defendants filed their Response in Opposition (No. 30) to which this Court granted (No. 33)

leave to file this Reply in support of Plaintiff's Motions.

Pursuant to its Opinion, this Honorable Court is aware of the operative facts underlying

this action which that Opinion, Plaintiff's filings thereto (No. 15 & 23), amd oral argment (No.

22) are incorporated by reference. Defendants, however, attempt to interject non-record facts and

exhibits which are not appropriate to obtain a ruling upon a Complaint.  For these Motions, this

Court is, respectfully, allowed only an inspection of its Opinion, and the Common Pleas' vacatur

order ("vacatur order") giving rise; the balance (of Defendants' proposals,"facts", exhibit and

otherwise) should be stricken.

**I.      MOTION FOR RELIEF**

A court's operation in adjudicating a motion to dismiss is, respectfully, mechanical. At the outset, a court must satisfy itself that it has  jurisdiction to apply the applicable law to the complaint.  Rooker-Feldman is a doctrine of jurisdiction.

Because of the Common Pleas vacatur order, this Court held it lacked jurisdiction per Rooker-Feldman to adjudicate, in large part, Plaintiff's Complaint.  That order is no more- ***by Movants' own hand***.  Without a final and binding order, the Rooker-Feldman doctrine is not invoked.  Without Rooker-Feldman, the Opinion, pertinently, is without foundation.

This Court has jurisdiction and Plaintiff's action should be heard.

Defendants request the Court exercise its discretion in refusing Plaintiff's request for relief; that is, Defendants require this Court hold it has no jurisdiction over both a diversity and federal question matter where there is otherwise not a jurisdictional bar.  Tautologically unlawful, Defendants request the Court hold it does not have jurisdiction over which it has jurisdiction.

In requesting the Court decline jurisdiction, Defendants, not ironically, suggest the Court adjudicate the state court foreclosure (as the underlying state court order is no longer).  Further, Defendants, who could have marked the matter settled, discontinued and ended (Pa.R.C.P. 229) instead of vacating the Order, should be estopped by their own vacatur.

Respectfully, this Court, via the principles that encompass Rooker-Feldman, cannot determine the reasons behind Defendants' vacatur just as it cannot adjudicate the foreclosure anew.

Rooker-Feldman is not now a bar nor is there any other to this Court's jurisdiction.  To that end, the Court, respectfully, has no discretion but to grant Plaintiff relief.

Likewise, the Order, in much remaining part, is undermined as to issue and claim preclusion (both also arising out of the Common Pleas' judgment).  A preclusion analysis is even simpler than a <u>Rooker-Feldman</u> jurisdiction analysis, as issue and claim preclusion contain elements (as opposed to amorphous principles of comity) which must be met directly on point. One of those elements necessary for preclusion is, however, identical similar to <u>Rooker-Feldman</u>, a final and binding adjudication of the merits.  That element missing, issue and claim preclusion no longer applies.

Plaintiff requests this Honorable Court's relief.

The voluntary payment doctrine is an affirmative defense here having no place.  Aside from the affirmative defense, the voluntary payment doctrine necessarily requires post-complaint's discovery of record facts.

Notwithstanding the inapplicability of the voluntary payment doctrine in adjudicating this motion, it is also inapplicable on its elements:

The voluntary payment doctrine prevents the recovery of money willfully paid as a result of a mistake of law pertaining to the interpretation of a contract. <u>Acme Markets, Inc. v. Valley View Shopping Ctr., Inc.</u>, 493 A.3d 736, 737 (Pa.Super.1985); <u>State Farm Mut. Auto. Ins. Co. v. Midtown Medical Center Inc.</u>, 2007 WL 3224542 (E.D.Pa. 2007).

Plaintiff did not make a mistake in the interpretation of a contract nor voluntarily make a payment.  Had Plaintiff refused, she would have lost her home.

Further, the voluntary payment doctrine does not extend to situations where there is fraud or duress.  <u>Corporate Aviation Concepts, Inc. v. Multi-Service Aviation Corp.</u>, 2005 WL 1693931 (E.D.Pa. 2005).  Both here exist.

"The hallmark of duress ... is that the victim has no feasible legal remedy." Oxxford Clothes XX, Inc., v. Expeditors Int'l of Wash., Inc., 127 F.3d 574, 579 (7th Cir.1997).  A threat of serious financial loss is sufficient to constitute duress and ground for relief where an ordinary suit might not be an adequate remedy.  Tri-State Roofing Co. v. Simon, 187 Pa.Super. 17, 142 A.2d 333, 335 (Pa.Super.Ct.1958).

Her instant case dismissed, Plaintiff was backed into a corner.

Plaintiff's motion for relief should be granted.

## II.     MOTION FOR LEAVE

The Order omits its prejudicial affect (i.e., *with* or *without*), It is presumed without F.R.C.P.41(b).  Formerly entitled as a matter of right (F.R.C.P.15(a)(1), Plaintiff now seeks to file her Amended Complaint in response to this Court's Order.

The Order identifies Plaintiff's original Complaint as factually deficient.  It creates a "roadmap" to a curative Amended Complaint.  The United States Supreme Court as echoed by the Third Circuit Court of Appeals, respectfully, directs trial courts to consistently grant Plaintiffs leave to correct defective complaints if a curative amendment is possible.  Our rules also confirm the Supreme and Appeals' Courts' sentiments in indicating amendments should be freely given "when Justice so requires". F.R.C.P. 15(a)(2).

Instead of confronting (or, perhaps unable to do so successfully), Defendants impermissibly reargue their motion to dismiss vis-à-vis a yet to be filed Amended Complaint – not only is it impossible to argue a motion to dismiss on a Complaint that has yet to be filed, but that is not the standard.[1]  Notwithstanding that argument's impropriety as being inapposite as

---

[1] If a first amended complaint is allowed to be filed, Defendants would have the opportunity to file a formal motion to dismiss at that stage.

well as premature, Defendants argue this Court's opinion as incorrect – that a better pleaded complaint would not suffice – which is issue precluded.

To the extent that Defendants' own substantive arguments are held here operative, Plaintiffs request oral argument so to confront at that time.  Otherwise, Plaintiffs incorporate their response to Defendants' Motion to Dismiss.

Plaintiff should be granted leave to file an Amended Complaint.

WHEREFORE, Plaintiff's motions for relief and leave to file should be granted.

PROCHNIAK WEISBERG, P.C.


/s/ Matthew B. Weisberg, Esquire
MATTHEW B. WEISBERG, ESQUIRE
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Angel Laychock | : | |
| | : | CIVIL ACTION NO.: 07-04478 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| Wells Fargo Home Mortgage | : JURY OF TWELVE (12) JURORS DEMANDED | |
| | : | |
| Defendant | : | |

---

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew B. Weisberg, hereby certify that on this 15th day of December, 2008 a true and correct copy of Plaintiffs' Omnibus Reply in Support of Plaintiff's Motion for Leave to File an Amended Complaint and Motion for Relief from Order Dated July 23, 2008 (Entered July 28, 2008), was served via ECF and regular mail upon the following parties:

Reed Smith, L.L.P.
Henry F. Reichner, Esq.
2500 One Liberty Place
Philadelphia, PA 19013

PROCHNIAK WEISBERG, P.C.

/s/ Matthew B. Weisberg, Esquire
MATTHEW B. WEISBERG, ESQUIRE
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Angel Laychock | : | |
| | : | CIVIL ACTION NO.: 07-04478 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| Wells Fargo Home Mortgage | : JURY OF TWELVE (12) JURORS DEMANDED | |
| | : | |
| Defendant | : | |

## OMNIBUS ORDER

AND NOW this _____ day of _____, 2008, upon consideration of Plaintiff's Motions for Leave to File an Amended Complaint and for Relief, and Defendants' responses thereto, it is hereby ORDERED and DECREED that Plaintiff's Motions are granted:

(1)     The Order dated July 23, 2008 (docketed July 28, 2008) (Docket No. 25), is VACATED; and

(2)     Plaintiff is GRANTED leave to file a First Amended Complaint within twenty (20) days of this entry of this Order.

**AND IT IS SO ORDERED.**

_____
Juan R. Sanchez                    ,J..