

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL J. LAYCHOCK | : | CIVIL ACTION |
| | : | |
| v. | : | No.: 07-4478 |
| | : | |
| WELLS FARGO HOME MORTGAGE, et al. | : | |

FILED

MAR 2 6 2009

MICHAEL _____, Clerk
By_____ Dep. Clerk

## ORDER

AND NOW, this 26th day of March, 2009, Plaintiff Angel Laychock's Motion for Leave to File an Amended Complaint (Document 26) is DENIED.[1]

It is further ORDERED Laychock's Motion for Relief from Order Dated July 23, 2008 Pursuant to Federal Rule of Civil Procedure 60(b)(5) & (6), or Alternatively, for Enlargement of Time to File a Motion for Reconsideration (Document 27) is DENIED.[2]

---

[1] Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]f a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). Laychock moves for leave to file an amended complaint to correct the pleading defects identified in this Court's July 23, 2008 Order as to her Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (TILA), Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1602, 1639 (HOEPA), and Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* (RESPA) claims. Laychock conceded at argument on the motion that, even if given leave to amend, she would be unable to plead adequate facts to state a TILA, HOEPA, or RESPA claim. The Court therefore denies her motion because amendment would be futile.

[2] "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons . . . (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b)(5), (6). Laychock asks this Court to grant her relief from this Court's July 23, 2008 Order, pursuant to Rule 60(b)(5) and (6), because the state court judgment upon which the Order was in large part premised has since been vacated.
    In July 2007, Defendant Wachovia filed a foreclosure action in the Philadelphia Court of Common Pleas against Laychock, and default judgment was entered against her. On October 12, 2007, Laychock petitioned the Court of Common Pleas to open the default judgment, asserting

various defenses, including Defendants' allegedly fraudulent conduct. She filed the instant case on October 25, 2007, asserting various theories of relief premised generally upon the same conduct alleged in her petition to open. The Court of Common Pleas reviewed Laychock's petition to open and the answer of Wells Fargo and Wachovia, and denied Laychock's petition on November 28, 2007. This Court dismissed Laychock's claims in its July 23, 2008 Order, reasoning adjudication of the majority of such claims was barred by the *Rooker-Feldman* doctrine and res judicata. Laychock subsequently cured her mortgage default and as a result, on July 31, 2008, Wachovia filed a praecipe in the Court of Common Pleas, requesting vacatur of the default foreclosure judgment. Laychock now asks this Court to grant her relief because this Court's July 23, 2008 Order "[wa]s based on an earlier judgment that has been reversed or vacated." Fed. R. Civ. P. 60(b)(5).

As an initial matter, Laychock cannot seek relief under Rule 60(b)(6) because the basis for her motion – vacatur of a previous judgment – is explicitly listed in Rule 60(b)(5). *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988) ("Rule 60(b)(6) . . . grants federal courts broad authority to relieve a party from final judgment upon such terms as are just, provided that the motion is made within a reasonable time and not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5).") (internal quotation marks omitted).

"The general purpose of Rule 60 . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978) (citation omitted). A Rule 60 motion is addressed to this Court's sound discretion, however, "relief from a judgment under Rule 60 should be granted only in exceptional circumstances." *Id.*; *see also Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1346 (3d Cir. 1987) ("The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it.") (citation and internal quotation marks omitted); *Harris v. Martin*, 834 F.2d 361, 364 (3d Cir. 1987) ("[R]elief under Rule 60(b) is available only under such circumstances that the overriding interest in the finality and repose of judgments may properly be overcome.") (citation and internal quotation marks omitted). The instant case does not present the exceptional circumstances required to warrant relief under Rule 60(b).

At argument on the instant motion for relief, Laychock conceded, if given leave to proceed, she would pursue only a claim arising under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.*, premised upon the same allegations of fraudulent conduct she raised in her petition to open. Laychock was already given the opportunity to be heard on these allegations in state court. While represented by counsel, Laychock chose not to appeal the denial of her petition to open. She also delayed cure of her mortgage default until several months after filing the instant action. In *Ackermann v. United States*, 340 U.S. 193 (1950), the Supreme Court affirmed a judgment denying Rule 60(b) relief to a petitioner who, because he would have been forced to sell his house to cover appeal costs, failed to appeal an order cancelling his naturalization. *Id.* at 195-97. The petitioner sought relief under Rule 60(b) after a related order was overturned on appeal. *Id.* at 195-96. In holding the district court properly denied Rule 60(b) relief, the Court stated:

> Petitioner made a considered choice not to appeal, apparently because he did not feel that an appeal would prove to be worth what he thought was a required sacrifice of his home. His choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong, considering the

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

outcome of the [related] case. There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.

*Id.* at 198. Similarly, Laychock made "free, calculated, deliberate choices" not to appeal the denial of her petition to open and to delay cure of her mortgage default until several months into the instant litigation. These decisions led to the Court's July 23, 2008 Order dismissing her case. Laychock has failed to demonstrate any "exceptional circumstances" which would warrant Rule 60(b) relief. *Boughner*, 572 F.2d at 977.